**Alberto GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01-87-00870-CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 17, 1988.

William W. Vance, Vance, Bruchez & Goss, Bryan, for appellant.

Bill R. Turner, Dist. Atty. Brazos County, for appellee.

Before HOYT, JACK SMITH and COHEN, JJ.

HOYT, Justice.

A jury found the appellant guilty of sexual assault of a child and assessed his punishment at 40 years confinement.

In three points of error, the appellant asserts that: (1) the trial court erred in denying his motion for an instructed verdict because the record fails to show that the State's witnesses were sworn; (2) his trial counsel was ineffective because trial counsel failed to establish the appellant's eligibility for probation; and (3) the evidence was insufficient to sustain the conviction.

We will address points of error one and three together.

The evidence shows that on February 14, 1987, the appellant was babysitting the complainant, a 9–year–old, the complainant's two sisters, 10 and 11 years old, and the complainant's 8–year–old brother. The appellant engaged the children in a card game called "strip-poka." During the course of the game, the children were required to remove various clothing. The appellant asked the complainant to come over to the bed where he was sitting. The appellant removed his and the complainant's remaining clothing, and he helped the complainant into the bed. The complainant testified that the appellant then "put [his penis] in my behind." He further testified that he cried because it hurt, and that he was unable to get away immediately.

First, the appellant contends that the only evidence that the offense occurred is the *unsworn* testimony of the complainant and his sister.

Tex.R.Evid. 603 states:

Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so.

When the complainant was ready to testify, the court and the complainant had the following exchange:

Q. Christopher, how old are you?
A. Nine.
Q. When is your birthday?
A. October 21.

\* \* \* \* \* \*

Q. Do you understand what it means to tell the truth?
A. Yes.
Q. What does that mean?
A. To be honest.
Q. Okay, do you understand what it means to tell a lie?
A. (No response).
Q. Do you understand what happens if you tell a lie?
A. Yes.
Q. What?
A. (No response).
Q. Do you understand that it's not right not to tell the truth?
A. Yes.
Q. Okay, and what happens to you at home when you don't tell the truth?
A. Get in trouble.

\* \* \* \* \* \*

Q. Okay, do you understand who God is?
A. Yes.
Q. Who is God?
A. Our Father.
Q. Okay, do you understand that it's important that you tell the truth before our Father too?
A. Yes.
Q. Will you do that?

A. Yes.

Following this exchange, the State questioned the complainant in a similar fashion prior to proceeding with the evidentiary questions. The complainant did not take the customary oath prior to testifying on the evidence.

After the complainant testified, the court and the complainant's 11–year–old sister engaged in the following exchange prior to her testimony:

Q. Let me ask you another question: Do you understand what it means not to tell the truth?

A. (No audible response; witness nods head).

Q. What does that mean?

A. That you don't tell the truth about like—

Q. Does that mean you would be telling a lie?

A. Yes, ma'am.

Q. Do you know what it means to tell a lie?

A. Yes.

Q. Does—Do you understand that good things can happen if you tell the truth?

A. Yes, ma'am.

Q. Do you understand that bad things can happen if you tell a lie?

A. Yes, ma'am.

Q. What happens when you tell something that's a lie?

A. I don't understand.

Q. Well, have you ever told a lie to your mother before?

A. Yes.

Q. And what happened?

A. I got a whipping.

\* \* \* \* \* \*

Q. Do you understand that in Court if you tell a lie that that would be bad, and something bad could happen?

A. Yes, ma'am.

Q. Do you know who God is?

A. Yes, ma'am.

Q. Who is God?

A. Jesus.

Q. Okay, do you understand that today you have to tell the truth before Jesus? Do you understand that?

A. (No audible response; witness nods head).

Q. Will you do that?

A. Yes, ma'am.

▮ Because the appellant failed to lodge a timely objection to the minors' testimony, the appellant waived any claim that he had that there was no sworn testimony establishing the elements of the offense. *Turner v. State*, 614 S.W.2d 144 (Tex.Crim. App.1981). Moreover, the questions asked by both the judge and the prosecutor were sufficient to "impress" the minors with their duty to be truthful, and the minors' answers to the questions were the equivalent of an oath by affirmation. We hold that the minors' qualifications and competency to testify truthfully were determined, and the requirements of Tex.R.Evid. 603 were satisfied.

▮ Next, the appellant contends that because the medical report did not corroborate the children's testimony, the evidence was insufficient to sustain his conviction. He also asserts that the complaint was made more than two months after the alleged incident.

The record reflects that Dr. Rollins testified that there was no medical evidence to substantiate the complainant's allegations. However, she concluded that the lack of objective findings was not inconsistent with the complainant's assertion, because the two-month period between the assault and the reporting would have been sufficient time for healing. We hold that the minors' testimony was sufficient to sustain the conviction.

Points of error one and three are overruled.

▮ Finally, the appellant asserts that because his trial lawyers failed to prove his eligibility for probation, his sixth amendment right to effective assistance of counsel was denied. The appellant admits that the trial attorney's efforts in all other respects were "quite admirable"; however, he asserts that this single failure requires

a reversal. We disagree. Because the jury assessed punishment at 40 years confinement, the appellant was ineligible to receive probation. Tex.Code Crim.P.Ann. art. 42.12, § 3a (Vernon Supp.1988). We conclude that trial counsel's failure to establish the appellant's entitlement to probation was inconsequential. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Crim.App. 1981). Moreover, the sufficiency of trial counsel's assistance must be determined by the totality of the representation. *See Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim. App.1980).

Point of error two is overruled.

The judgment of the trial court is affirmed.