[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
The present case involves a boundary line dispute. On October 7, 1991, the court, O'Connor, J., granted the plaintiffs' motion to appoint a three member committee pursuant to General Statutes 47-34. Attorneys Philip R. Dunn, Jr., Lee Johnson, and Thomas Griffen were appointed. On CT Page 3899 January 8, 1992, Judge Allen granted the Committee's motion to hire an independent surveyor. On February 8, 1993, the Committee filed its report and moved for acceptance and for fees and expenses. The report indicated that on November 7, 1991, it "met on the premises with Mark W. Castro, Trustee for Tabernacle Christian Church; Roger Tolles and Doris Tolles as well as counsel for the church and the Tolles in an effort to gather information at the premises to assist the Committee." A surveyor was ultimately hired and prepared a Class A-2 survey which the Committee adopted as the boundary between the parties.
 II.
On March 8, 1993, the plaintiffs attempted to withdraw the action but at the hearing on March 15, 1993, this court denied said request. General Statutes 52-80; Spears v. Kerars Realty Company, Inc., 171 Conn. 699 (1976). The plaintiffs then objected to the acceptance of the report on four grounds:
 1. the Committee failed to notify all interested parties;
 2. the Committee failed to secure the sworn testimony of the parties;
 3. the Committee's decision and report are contrary to the evidence provided by the Committee surveyor (sic); and
 4. the Committee failed to state that the boundary was lost or undetermined.
At the hearing on March 15, 1993, the Committee orally amended its report to conform with General Statutes 47-34 by stating that the boundary was lost or undetermined. This court also found that the parties were clearly notified . The real issue is whether the failure to place the parties under oath as required in the statute ("[t]he Committee shall give notice to all parties interested in the lands to appear before it and, having been sworn, shall inquire into the facts . . . .") (emphasis supplied), renders the procedure invalid. This court believes that it does not. CT Page 3900
As previously mentioned, at the meeting on November 7, 1991, the Committee met with the parties and their lawyers. There is no indication that either party demanded that testimony be given under oath. In Gingoles v. State, 748 S.W.2d 510
(Tex.App. 1988), the court upheld a criminal conviction in which minors had testified without being placed under oath.[1] The court found that the appellant failed to make a timely objection and thus waived any claim for failure to comply with the statute requiring an oath. Similarly, in Gibraltor Mausoleum v. City of Cincinnati, 439 N.E.2d 922, 297 (Ohio App. 1981), the court held that the rule requiring sworn testimony before the administrative tribunal could be waived if the appellant failed to take a timely objection. The same rule was applied in Burton v. New Hanover County Zoning Board,271 S.E.2d 550 (N.C.Ct.App. 1980) where all the testimony was unsworn, no objection had been lodged and the parties were represented by counsel. The court found that as the testimony in support of the petitioner was unsworn, "he therefore has no reason to complain about his opponent's use of unsworn testimony, and thus the Board's findings of fact could be based upon unsworn testimony." Id., 552. Such is the situation in this case and this court also finds the requirement of sworn testimony waived.
 III.
Conclusion
The report of the Committee is accepted and the boundary line is fixed as set forth in the survey attached to the report.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT