**Bennie FULTZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–96–00015–CR.

Court of Appeals of Texas, Texarkana.

Argued Jan. 22, 1997.

Decided Feb. 21, 1997.

Rehearing Overruled March 25, 1997.

Melvyn Carson Bruder, Dallas, for appellant.

James Moss, District and County Attorney, Bonham, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Bennie Fultz appeals from his convictions for the offenses of aggravated sexual assault of a child and indecency with a child. Trial was to a jury. The court sentenced the appellant to twenty-five years' confinement for the offense of aggravated sexual assault of a child and assessed ten years' confinement, probated, for the offense of indecency with a child. The primary evidence against the appellant consisted of a videotaped statement by the victim, his four-year-old granddaughter. The videotape was admitted pursuant to TEX.CODE CRIM. PROC. ANN. art. 38.071, § 5 (Vernon Supp.1997). The appel-

lant's one point of error complains that the admission of this videotaped statement violated his right to confrontation, as guaranteed by the United States and Texas Constitutions. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10.

This case presents us with nothing to review because the appellant has not preserved any error. In order for an issue to be preserved on appeal, there must be a timely objection that specifically states a legal basis for the objection. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990). An objection stating one legal basis may not be used to support a different legal theory on appeal. *Id.* Instead, an objection must draw the court's attention to the *particular* complaint raised on appeal. *Little v. State*, 758 S.W.2d 551, 564 (Tex.Crim.App.), *cert. denied*, 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988). A loosely formulated and imprecise objection will not preserve error. *United States v. Jimenez Lopez*, 873 F.2d 769, 773 (5th Cir.1989). When his trial objections do not comport with his arguments on appeal, an appellant has failed to preserve error. *Goff v. State*, 931 S.W.2d 537, 551 (Tex.Crim. App.1996).

In this case, the appellant's trial objections do not comport with his arguments on appeal. At trial, the appellant made the following objection to the admission of the videotape:

> Your Honor, we would ask that the Court not allow the video to be offered for two reasons. First of all, this was taken back in March of '94. Obviously, from the video, there's not a showing on the video, nor testimony that the child was admonished as to right and wrong truth of making allegations, or whether or not they were in a truthful playroom where only the truth would be told, or it was going to be you make up stories, or if she is going to tell the truth of what somebody might want to hear. There was no admonishment as to the need to tell the truth, or what happens to people if they don't tell the truth, or that there could be things happen, or things done if she did not tell the truth.

> Secondly, the testimony is very clear that in the video, itself, that the little girl had been talked to, apparently at length about this, before the video began. And I think that this real action of the law, it's certainly a video like this, without the defendant being there, or counsel being there, it necessarily must be spontaneous for her to have any ability of truthfulness and ability to judge the credibility of what's being said. I'm not blaming the lady who did the video. I think it was just done in a way that couldn't—

> . . . .

> I'm just saying what happened was wrong, done inadvertently, and not because of a malicious intent on the part of CPS to make a bad video, or to a situation that could not be allowed in a court of law, because of the seriousness of the allegations. I'm saying, I don't say she intended to do anything wrong, but it is not a video that should, or could, be allowed.

Any allusion to the Confrontation Clause in these objections is extremely attenuated. The mere allusion to or implication of an objection does not preserve it for appeal. *E.g., United States v. Musa*, 45 F.3d 922, 924 (5th Cir.1995); *United States v. Berry*, 977 F.2d 915, 918 (5th Cir.1992); *United States v. Jimenez Lopez*, 873 F.2d 769, 773 (5th Cir. 1989); *Burks v. State*, 876 S.W.2d 877, 899 (Tex.Crim.App.1994); *Rezac v. State*, 782 S.W.2d at 870–71; *Little v. State*, 758 S.W.2d at 564; *Fancher v. State*, 659 S.W.2d 836, 839–40 (Tex.Crim.App.1983).

The appellant does not argue on appeal that his Confrontation Clause rights were violated because the victim was not administered a proper oath. Instead, he broadly argues that the nonadversarial setting and lack of face-to-face cross-examination deprived him of rights under the Confrontation Clause. However, the appellant never mentioned the Confrontation Clause at trial. His trial objection was not urged on appeal, and his appellate objection was not urged at trial. Therefore, the appellant did not draw the trial court's attention to his particular complaint.

This case is controlled by *Holland v. State*, 802 S.W.2d 696, 699–700 (Tex.Crim.App.

1991), which holds that a hearsay objection does not preserve a Confrontation Clause objection to the admission of a child-witness videotape:

> When the State proffers an out-of-court statement of a child witness pursuant to [TEX.CODE CRIM. PROC. ANN.] Article 38.072 ... it is incumbent upon the accused to object on the basis of confrontation and/or due process and due course of law. At that point the State can respond by following either one of two courses. First the State can announce its intention to call the child declarant to the stand to allow confrontation without the accused having to call the child to the stand himself. See *Buckley v. State,* [786 S.W.2d 357 (Tex.Cr.App.1990)] supra, at 360–61; *Briggs v. State,* supra, at 922. Alternatively the State can make a showing both that 1) the out-of-court statement is one that is reliable under the totality of circumstances in which it was made, *Idaho v. Wright,* 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), which Article 38.072, Sec. 2(b)(2) already requires; and 2) use of the out-of-court statement in lieu of the child's testimony at trial "is necessary to protect the welfare of the particular child witness" in that particular case. *Maryland v. Craig,* 497 U.S. 836, 855, 110 S.Ct. 3157, 3169, 111 L.Ed.2d 666, 685 (1990); see also *Buckley v. State,* supra, at 360; *Long v. State,* [742 S.W.2d 302 (Tex.Cr.App.1987)] supra, at 312. If the State follows either of these two courses, the accused's objection on confrontation grounds should be overruled. Otherwise, the confrontation objection is a valid one and should be sustained, irrespective of whether the State has satisfied all of the statutory predicate for admissibility of hearsay under Article 38.072, supra.

■ One of the purposes of requiring a specific objection is to give the opposing party an opportunity to respond. *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Crim.App. 1977). Even if an objection alludes to a constitutional basis for excluding evidence, it does not preserve error unless that objection specifically points out the constitutional basis. Even constitutional errors can be waived. *Briggs v. State,* 789 S.W.2d 918, 921, 924 (Tex.Crim.App.1990).

*Holland* continues:

> At the time the prosecutor proffered the out-of-court statement, appellant objected only that the statutory predicate had not been fully satisfied in that the requisite showing of reliability was deficient; and that absent such showing, the statute could not operate to take the statement out of the pale of the general rule excluding hearsay. In short, appellant lodged a hearsay objection, *not* an objection to a violation of confrontation. The two are neither synonymous nor necessarily coextensive. Having ruled that the statutory predicate had been met, and that the hearsay objection was therefore not well taken, the trial court had no notice of any other ground for exclusion. No error on the basis of violation of confrontation was as yet preserved.

802 S.W.2d at 700 (citations omitted).

The admission of hearsay evidence can violate the Confrontation Clause. *Ohio v. Roberts,* 448 U.S. 56, 65–66, 100 S.Ct. 2531, 2538–39, 65 L.Ed.2d 597, 607–08 (1980). However, the admission of hearsay evidence can also violate evidentiary rules. TEX.R.CRIM. EVID. 802. Additionally, the Confrontation Clause incorporates many concepts besides the right not to have certain hearsay testimony admitted. Similarly, the admission of testimony by a witness not under oath sometimes violates the Confrontation Clause. However, this admission can also violate evidentiary rules. TEX.R.CRIM. EVID. 603. Additionally, the Confrontation Clause incorporates many concepts besides the right not to have admitted testimony from a witness not under oath. In other words, the two concepts are neither synonymous nor coextensive. *Tucker v. State,* 771 S.W.2d 523, 535 (Tex.Crim.App. 1988), *cert. denied,* 492 U.S. 912, 109 S.Ct. 3230, 106 L.Ed.2d 578 (1989). Therefore, an objection on the ground that an oath was not given does not preserve Confrontation Clause error.

■ At any rate, the Confrontation Clause is not violated by the admission of videotaped unsworn testimony if the defendant has the opportunity to cross-examine the witness under oath. *Carson v. Collins,*

993 F.2d 461, 464 (5th Cir.), *cert. denied,* 510 U.S. 897, 114 S.Ct. 265, 126 L.Ed.2d 217 (1993). The appellant had the opportunity to cross-examine the .victim under oath. TEX. CODE CRIM. PROC. ANN. art. 38.071, § 5(b). Because he did not take advantage of this opportunity, the appellant cannot claim that he was denied any rights under the Confrontation Clause.

Additionally, a child witness does not have to take an oath. *Hollinger v. State,* 911 S.W.2d 35, 39 (Tex.App.—Tyler 1995, pet. ref'd); *Romines v. State,* 717 S.W.2d 745, 748 (Tex.App.—Fort Worth 1986, pet. ref'd). Instead, the trial court needs only to ensure that the child is impressed with the importance of telling the truth. *Hollinger,* 911 S.W.2d at 39; *Dufrene v. State,* 853 S.W.2d 86, 88 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd); *Gonzales v. State,* 748 S.W.2d 510, 512 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd). We will reverse the trial court's determination only if it is an abuse of discretion. *Dufrene,* 853 S.W.2d at 88; *Reyna v. State,* 797 S.W.2d 189, 191 (Tex.App.—Corpus Christi 1990, no pet.). It is appropriate for the child to be admonished to tell the truth in language that the child can understand. *E.g., Dufrene,* 853 S.W.2d at 88–89.

Two of the requirements under TEX.CODE CRIM. PROC. ANN. art. 38.071, § 5 that must be "substantially satisfied" to make a recording of an oral statement of a child admissible into evidence are:

> (10) before giving his testimony, the child was placed under oath or was otherwise admonished in a˙manner appropriate to the child's age and maturity to testify truthfully;
>
> (11) the court finds from the recording or through an in camera examination of the child that the child was competent to testify at the time that the recording was made;....

The videotape in this case shows a Child Protective Services employee admonishing the victim to tell the truth. The trial judge viewed the videotape and extensively questioned the CPS employee regarding the tape, concluding that the videotape met all the requisites of TEX.CODE CRIM. PROC. ANN. art. 38.071, § 5. Although the admonishment was not as extensive as it could have been, it nonetheless impressed upon the victim the importance of telling the truth. Therefore, it was not an abuse of discretion for the trial court to admit the videotape.

The appellant's second objection-that someone talked to the victim before her testimony-has no legal basis.

The judgment is affirmed.

GRANT, Justice, concurring.

I agree that the objection made in the trial court is not the same as that urged on appeal, and the complaint is not preserved for review. However, for child witnesses no longer required to swear or affirm, the witness should be admonished to tell the truth as part of the protection under the Confrontation Clause of the Sixth Amendment of the United States Constitution as applicable to the states through the Fourteenth Amendment.

Fultz complained that the alleged victim was not admonished to tell the truth before making her statement. As the United States Supreme Court held in *Maryland v. Craig,* the right guaranteed by the Confrontation Clause of the Constitution includes not only a personal examination of the witness but also insures that the witness will give her testimony under oath, thus impressing the witness with the seriousness of the matter and guarding against a lie by making it subject to the possibility of a penalty for perjury. *Maryland v. Craig,* 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990).

As the majority has pointed out, under Texas statutory law the oath is no longer necessary for a child if the child is otherwise admonished in a manner appropriate to the child's age and maturity to testify truthfully.

The entire admonition to the child to testify truthfully given in lieu of an oath in the present case was as follows:

CPS employee: "Well, _____, you know what? This is a special room."

Child: "I know it is."

CPS employee: "We only tell the truth in this room."

Child: "I know it."

CPS employee: "Okay, so do you know where we're at?"

Child: "Special room."

I do not think this complies with the requirements of the Confrontation Clause or TEX.CODE CRIM. PROC. ANN. art. 38.071, § 5 (Vernon Supp.1997). I concur because the error was not preserved.