NUMBER 13-01-023-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


GILBERTO OLIVAREZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 159th District Court of Angelina County, Texas.

__________________________________________________________________


O P I N I O N


Before Justices Hinojosa, Castillo, and Baird (1)

Opinion by Justice Baird

 

 Appellant was charged by indictment with the offense of delivery of a controlled substance, namely marihuana in an
amount of five pounds or less but more than four ounces. The indictment also alleged the delivery occurred within 1000
feet of the premises of a school. Finally, the indictment alleged a prior felony conviction for the purposes of enhancing the
range of punishment. A jury convicted appellant of the charged offense and found that said offense occurred within 1000
feet of a school. Appellant pled true to the enhancement allegation and the jury assessed punishment at fifteen years
confinement in the Texas Department of Criminal Justice--Institutional Division and a fine of $10,000.00. Appellant raises
three points of error. We affirm.

I. Non-Responsive Answer

 The first point of error contends the trial court erred in permitting Lesta Anderson, a confidential informant who was
present during the alleged offense, to offer a non-responsive and inflammatory answer to a question asked by the State. In
his response to the State's question, Anderson stated appellant admitted transporting drugs from Mexico to various
locations in the United States. Anderson then continued his response at which time defense counsel stated: "Objection,
Your Honor. I'm not exactly sure what the answer to the question - or what the question was." We will overrule this point
for three reasons. 

 Initially, we hold the error is not preserved for our review. Objections must be lodged timely to preserve error related to
the admission of evidence. Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). The objection should be made
as soon as the ground for objection becomes apparent. Id. If the objection arises from a response, the objection must be
immediate. In the instant case, the objection was not lodged immediately upon the witnesses testifying about appellant
transporting drugs from Mexico. Instead, appellant permitted Anderson to continue with his response. Because the
objection was not timely, we hold this point of error is not preserved for our review. Crestfield v. State, 471 S.W.2d 50, 54
(Tex. Crim. App. 1971) (error not preserved where witness gave extensive answer to the State's question before any
objection was made).

 Additionally, we note that for an issue to be preserved on appeal, the objection must state a legal basis. Rezac v. State, 782
S.W.2d 869, 870 (Tex. Crim. App. 1990). A loosely formulated and imprecise objection will not preserve error. Fultz v.
State, 940 S.W.2d 758, 760 (Tex. App.- Texarkana 1997, pet. ref'd) (citing United States v. Jimenez Lopez, 873 F.2d 769,
773 (5th Cir. 1989)). The instant objection: "I'm not exactly sure what the answer to the question - or what the question
was," does not state a legal basis. Therefore, we further hold the error is not preserved.

 Finally, appellant has cited no authority in support of his argument on appeal. Consequently, we find the point has been
inadequately briefed. See Tex. R. App. P. 38.1(h); Sanders v. State, 963 S.W.2d 184, 191 (Tex. App.-Corpus Christi 1998,
pet. ref'd). For these reasons, the first point of error is overruled.

II. Accomplice Corroboration

 The second point of error raises a challenge to the sufficiency of the evidence. The indictment alleged the offense of
delivery by actual transfer. The jury charge authorized conviction if the jury found appellant was a party to the offense, i.e.,
if he "act[ed] with intent to promote or assist the commission of the offense, he solicit[ed], encourag[ed], direct[ed] aid[ed]
or attempt[ed] to aid the other person(s) who commit the offense." Appellant contends the evidence is insufficient to
corroborate the accomplice witness, Jose San Juan.

 Article 38.14 of the Code of Criminal Procedure provides: "A conviction cannot be had upon the testimony of an
accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the
corroboration is not sufficient if it merely shows the commission of the offense." Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 1979). To determine whether an accomplice's testimony is corroborated, we eliminate the accomplice testimony
and review the remaining evidence to determine whether it tends to connect appellant to the offense. Munoz v. State, 853
S.W.2d 558, 559 (Tex. Crim. App. 1993). Corroborative evidence need not establish appellant's guilt of the charged
offense nor directly link appellant to the offense; all article 38.14 requires is that the evidence "tends to connect" appellant
to the offense. Id. In light of the indictment and jury charge, the issue is whether the evidence tends to connect appellant as
a party to a delivery by actual transfer.

 When the testimony of San Juan is eliminated from our consideration, the remaining evidence establishes the following. 
Anderson, the witness mentioned in the first point of error, testified he was working with law enforcement as a confidential
informant and made arrangements to purchase a pound of marihuana. Anderson met with three individuals outside a
residence at a parked pick-up truck. One of the individuals went into the residence and returned with the contraband. That
individual handed the marihuana to appellant. Appellant looked at the marihuana and said: "You're getting more than a
pound here. You're probably getting a pound and a quarter or maybe close to one pound and a half." Appellant then
handed the contraband to his son, Rudy, who placed the marihuana on the tailgate of the truck, where Anderson retrieved it. 
We find this testimony, when viewed in the light most favorable to the prosecution is sufficient for a rational trier of fact to
find appellant was connected to the charged offense. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The second point of
error is overruled.

III. Ineffective Assistance of Counsel

 The final point of error contends trial counsel was ineffective. The standard by which we review a claim of ineffective
assistance of counsel was established inStrickland v. Washington, 466 U.S. 668, 684 (1984). Under this standard, the
reviewing court must first determine whether trial counsel's representation fell below an objective standard of
reasonableness under prevailing professional norms. Id. at 687-88. If counsel's performance fell below this standard, the
reviewing court must decide whether there is a "reasonable probability" the result of the trial would have been different but
for counsel's deficient performance. Id. at 694. A reasonable probability is a "probability sufficient to undermine
confidence in the outcome." Id. (2)

 In this point appellant alleges three instances of deficient conduct rendered trial counsel ineffective. First, appellant argues
trial counsel should have objected to a map prepared by the State to establish the charged offense occurred within 1000 feet
of the premises of a school. While appellant argues the map was "hearsay and clearly inadmissible," his brief contains no
authority in support of this argument. Therefore, for the reasons stated in the first point of error, this argument is
inadequately briefed. Tex. R. App. P. 38.1(h); Sanders, 963 S.W.2d at 191. The next alleged instance relates to trial
counsel's failure to object to nonresponsive and hearsay testimony of Ron Stubblefield. However, as with the preceding
argument, this claim contains no authority supporting the argument. Therefore, it too is inadequately briefed. Tex. R. App.
P. 38.1(h); Sanders, 963 S.W.2d at 191. Third, appellant contends trial counsel was ineffective for not offering into
evidence the audio recording of the conversation between Anderson and those present at the time of the charged offense. 
But this contention is made without the support of any authority and, therefore, is inadequately briefed. Tex. R. App. P.
38.1(h); Sanders, 963 S.W.2d at 191. 

 Finally, appellant argues the cumulative effect of these three instances requires reversal. The concept of cumulative error
was extended to ineffective assistance of counsel claims in Chamberlain v. State, 998 S.W.2d 230 (Tex. Crim. App. 1999)
(citing Stahl v. State, 749 S.W.2d 826, 832 (Tex. Crim. App. 1988)). However, as the Chamberlain court noted, there is no
authority for the proposition that the cumulative effect of non-errors require reversal. 998 S.W.2d at 238. In the instant
case, because we were not able to reach the merits of any of these three instances of alleged deficient conduct, we were
unable to find trial counsel was deficient. Since we do not have any such findings, we cannot hold the cumulative effect of
those alleged instances rises to the level of meeting the two prong test of Strickland. Accordingly, the third point of error is
overruled.

 The judgment of the trial court is affirmed.



_____________________________

Charles F. Baird

Justice

Do Not Publish

Tex. R. App. 47.3.



Opinion delivered and filed

this the 25th day of October, 2001.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The State argues that if we find error that we apply the harm analysis prescribed by Texas Rule of Appellate Procedure
44.2(b). However, Rule 44.2(b) relates to non-constitutional error and is, therefore, inapplicable to ineffective assistance of
counsel claims. Pina v. State, 29 S.W.3d 315, 320 (Tex. App.-El Paso 2000, pet. ref'd). Further, Strickland prescribes the
harm analysis for such claims that do not involve conflicts of interest. Ramirez v. State, 13 S.W.3d 482, 487 (Tex.
App.-Corpus Christi 2000, no pet.). Under this analysis, the defendant, rather than the State, bears the burden of proving
that trial counsel was deficient and that the deficient conduct adversely effected the defense. Strickland, 466 U.S. at 693.