Affirmed and Memorandum Opinion filed June 13, 2006









Affirmed and Memorandum Opinion filed June 13, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-01094-CR

_______________

 

MICHAEL WELDON ESTES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 03CR2512

                                                                                                                                               


 

M E M O R A N D
U M  O P I N I O N

Appellant,
Michael Weldon Estes, appeals his conviction for sexual assault of a
child.  In three issues, appellant
contends that the trial court erred by (1) admitting testimony concerning
behavioral characteristics of abused children, (2) admitting expert
medical  testimony concerning the results
of the complainant=s medical exam, and (3) excluding evidence of the complainant=s prior allegations of sexual
abuse.  Because all dispositive issues
are clearly settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4

 








I.  Background

The
twelve-year-old complainant testified at trial that appellant, her biological
father, sexually abused her every night when she was about five years old.   Specifically, she testified that appellant Awould rub [her] private spot@ with his fingers and that he Atried to stick his male private spot
in [her] private spot.@  She did not specify
at trial when the last incident of abuse occurred.  On cross-examination, the complainant
admitted that she previously alleged her stepfather and her brothers touched
her Athe wrong way.@ No further questions were asked of
the complainant concerning the prior allegations. 

An
employee of the Texas Department of Family and Protective Services testified at
trial as the outcry witness.[1]  She first interviewed the complainant at her
elementary school while investigating allegations of neglectful supervision.
During the interview, the social worker asked the complainant if Aanybody had touched her private
spots.@ 
The complainant responded affirmatively and named appellant.  The complainant told the social worker that
appellant touched her private spot with his fingers.  The social worker asked the complainant
whether appellant touched her private spot with anything else, and the
complainant replied Ayes, his private spot.@ 
The complainant stated that the abuse happened more than once and that
appellant last touched her a few weeks before the interview.[2]  








At
trial, the State asked the social worker whether there was a later allegation
that another named individual sexually assaulted the complainant.[3]  She responded affirmatively and said that the
allegation was not verified.  On
cross-examination, the social worker testified that the complainant made the
latter allegation, but that she was not working on the case at that time.  

A
medical expert testified that the complainant=s physical exam was normal.  He also testified that Athe normal findings do not rule out
the possibility that [the complainant] had been the victim of sexual abuse.@ 
He further explained that he would not expect physical findings Aif the genital organ of [appellant]
contacted the [complainant=s] genital organ without penetrating deeply within it.@ 

A
second medical expert testified that the complainant had been admitted to a
mental hospital at the age of seven and diagnosed with an unspecified form of
psychosis.  The expert testified that the
complainant experienced visual and auditory hallucinations and showed Aearly symptoms of a conversion to a
dissociative disorder.@  He further explained
that a dissociative disorder Awould allow [the complainant] to have blank spots and not a
clear memory of some events and, as a result of that, attempt to create the
most plausible explanation for the events during those times.@ 
The expert testified that the complainant=s mental illness suggested a child
who had been subjected to sustained trauma such as sexual abuse, domestic or
other forms of violence, considerable persistent chaos, or physical or
emotional neglect. 

A
jury found appellant guilty of sexual assault of a child, and the trial court
assessed  punishment at thirty years= imprisonment.    

II.  Discussion








Appellant
contends that the trial court abused its discretion by (1) admitting testimony
from the outcry witness concerning the behavioral characteristics of abused
children, (2) admitting expert medical testimony concerning the results of the
complainant=s medical examination, and (3)
excluding evidence of the complainant=s prior accusations of sexual
abuse.  We review the trial court=s decision to admit or exclude
evidence under an abuse of discretion standard. 
Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).  A trial court abuses its discretion when its
decision is so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.   Id.;
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).  

A.        Behavioral
Characteristics

At
trial, the State asked the outcry witness to describe, based on her experience
and training, how an abused child might act Awith regard to their contact with
other male individuals.@  The outcry witness
testified that children who have been sexually abused are more inclined to
avoid close personal contact and Atense up@ around people of the same gender as
the abuser.  Counsel for appellant
objected that the State=s questioning was argumentative and called for
speculation.  Appellant=s counsel further stated that he did
not believe the outcry witness was qualified to answer.  The trial court found the outcry witness
qualified to testify regarding the general behavioral patterns of victims of
sexual abuse and overruled the objection. 
Appellant now complains that the testimony was not Asufficiently tied to the facts of the
case to make it relevant@ under Rule 702 of the Texas Rules of Evidence.  Appellant also argues that the testimony constituted
improper bolstering. 

To
preserve error for appeal, a party must make a timely objection, request, or
motion that states the grounds for the ruling sought with sufficient
specificity to make the trial court aware of the complaint.  Tex.
R. App. P. 33.1.  No error is
preserved when the objection at trial differs from the complaint made on
appeal.  Coffey v State, 796
S.W.2d 175, 180 (Tex. Crim. App. 1990). 
Because appellant=s argument on appeal differs substantially from his objection
at trial, we conclude that appellant has not preserved error for review.  See Holland v. State, 761 S.W.2d 307,
322B23 (Tex. Crim. App. 1988) (finding no
error was preserved when appellant argued on appeal that psychiatric testimony
was irrelevant because the objection at trial was that the expert was
unqualified).








Moreover,
even if appellant had preserved error, any error was harmless.  The only evidence presented regarding the
complainant=s behavior towards other males was a
note in her medical records that stated she Aseems more friendly to males.@ 
Evidence that the complainant=s behavior was inconsistent with
common behavioral patterns of sexually abused children, if anything, was
helpful to appellant=s defense. 
Accordingly, we overrule appellant=s first issue.

B.        Medical
Testimony

In
his second issue, appellant contends that the trial court erred by admitting
expert medical testimony concerning the results of the complainant=s physical examination. Specifically,
appellant contends the medical testimony was inadmissible under Texas Rules of
Evidence 702, 703, and 403 and constituted hearsay.

The
State=s medical expert was Dr. Lukefahr, a
licensed pediatrician at the University of Texas Medical Branch (UTMB) in
Galveston and the medical director of ABC Center, the UTMB facility for victims
of child abuse and neglect.  The trial
court conducted a hearing outside the jury=s presence to consider appellant=s objections to Dr. Lukefahr=s testimony.  At the hearing, Dr. Lukefahr testified that
he believed the complainant was the victim of sexual assault.  Dr. Lukefahr further testified that he based
his opinion on the complainant=s physical examination, laboratory findings, and the history
provided by Child Protective Services, the complainant=s mother, and the complainant.  The complainant=s history included the allegations of
digital penetration and genital-to-genital contact by her father.  Although the complainant=s physical examination was normal,
Dr. Lukefahr explained that any physical trauma resulting from the sexual abuse
described in the history would have healed by the time of the examination.  Therefore, Dr. Lukefahr concluded that the
complainant=s normal physical examination did not
rule out the possibility of sexual abuse. 
On cross-examination, Dr. Lukefahr testified that he would expect
physical findings if there had been allegations of full penile penetration, but
no such allegations had been made in this case. 
At the conclusion of the hearing, the trial court ruled that Dr.
Lukefahr could not testify that sexual abuse occurred, but could testify that
the complainant=s normal physical examination did not rule out the
possibility of abuse. 








1.         Rule
702 and 703 Objections

Appellant
first argues that the expert testimony was inadmissible under Rules 702 and 703
of the Texas Rules of Evidence.  Rule 702
provides that A[i]f scientific, technical, or other
specialized  knowledge will assist the
trier of fact to understand this evidence or to determine a fact in issue, a
witness qualified as an expert by knowledge, skill, experience, training, or
education may testify thereto in the form of an opinion or otherwise.@ 
Tex. R. Evid. 702.   Rule 703 provides: AThe facts or data in the particular
case upon which an expert bases an opinion or inference may be those perceived
by, reviewed by, or made known to the expert at or before the hearing.  If of a type reasonably relied upon by
experts in the particular field in forming opinions upon the subject, the facts
or data need not be admissible in evidence.@ 
Tex. R. Evid. 703.  

            Under
Rule 702, the trial court must determine whether proffered evidence is
sufficiently reliable and relevant to assist the jury.  See Russeau v. State, 171 S.W.3d 871,
881 (Tex. Crim. App. 2005) (citing Jackson v. State, 17 S.W.3d 664, 670
(Tex. Crim. App. 2000)).  Here, appellant
does not contend that the State=s expert was unqualified or the evidence was otherwise
unreliable.  See Kelly v. State,
824 S.W.2d 568, 573 (Tex. Crim. App. 1992) (requiring trial court to hold a
hearing outside the presence of the jury to determine whether scientific
evidence meets a three-prong test for reliability).  Rather, appellant argues the evidence was not
relevant because it was not sufficiently tied to the facts of the case.  See Jordan v. State, 928 S.W.2d 550,
555 (Tex. Crim. App. 1996). 

Scientific
evidence is relevant if the expert makes Aan effort to tie pertinent facts of
the case to the scientific principles which are the subject of his testimony.@ 
Id.  Otherwise stated, an
expert must apply his technical knowledge to the specific facts at issue.  See id. However, the primary inquiry
is not whether the expert takes into account all of the specific facts of the
case, but whether the expert takes into account enough of the pertinent facts
to be of assistance to the trier of fact. 
Id. at 556. 








Appellant
argues there were no underlying facts to which the State=s expert could apply his medical
knowledge because the complainant=s physical examination was
normal.  We disagree.  Dr. Lukefahr testified that it was customary
in the medical field to base a diagnosis on the patient=s history as well as any physical
findings.  He further testified that he
reviewed the complainant=s history and the results of the complainant=s physical examination.  See Tex.
R. Evid. 703 (noting the facts an expert bases his opinion on need not
be admissible in evidence and that the expert may review the facts at or before
a hearing).  Dr. Lukefahr then applied
his knowledge and experience in the field of medicine to the facts in the
complainant=s case and concluded that a normal
physical examination did not necessarily contradict the complainant=s history.  Therefore, Dr. Lukefahr=s testimony was sufficiently tied to
the facts of the case to assist the trier of fact in assessing the significance
of the results of the complainant=s physical examination.  See Hendix v. State, 150 S.W.3d 839,
851 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d.) (noting medical testimony from
experts stating that a normal exam was not inconsistent with the type of the
abuse alleged by the complainants in the context of a requested jury
instruction for a lesser-included offense); Gonzales v. State, 748
S.W.2d 510, 512 (Tex. App.CHouston [1st Dist.] 1988, pet. ref=d) (finding sufficient evidence when,
although there were no physical findings to support the allegations of the
complainant, a medical expert testified the lack of findings was not
inconsistent with the allegations). 
Accordingly, we conclude that the State=s expert testimony was relevant and
therefore admissible under Texas Rules of Evidence 702 and 703. 

2.         Rule
403 Objection








Appellant
next argues that if Dr. Lukefahr=s testimony was relevant, it was
nonetheless unduly prejudicial and therefore inadmissible under Rule 403 of the
Texas Rules of Evidence.  See Kelly,
824 S.W.2d at 573 (holding that relevant scientific evidence is admissible
unless the trial court finds the probative value of the evidence is outweighed
by a factor identified in Rule 403).  
Rule 403 provides that relevant evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, misleading the jury, undue delay, or the presentation
of cumulative evidence.  Tex. R. Evid. 403.  Appellant cites Franco v. State, in
which the El Paso Court of Appeals found the trial court erred by admitting
expert testimony based on blood spatter analysis.  25 S.W.3d 26, 29B30 (Tex. App.CEl Paso 2000, pet. ref=d). 
In Franco, the court found that there was Anothing in the blood spatter analysis
from which any >expert= could draw an opinion as to who was (or who was not) the
initial aggressor.@ Id. at 30.  The
court therefore concluded the expert=s opinion that there was Ano evidence to show that [the victim]
was ever an aggressor in any way@ was literally true but Adangerously misleading.@ 
Id.  

Here,
however, it was appellant who argued at trial that the complainant=s normal physical examination was
evidence that no abuse occurred. 
Therefore, Dr. Lukefahr=s expert testimony that the absence of physical findings
could be consistent with the type of abuse described by the complainant was
relevant to correct appellant=s own potentially misleading argument.  Moreover, the trial court held Dr. Lukefahr
could not give his opinion that the complainant was sexually abused, and
specifically limited Dr. Lukefahr to testifying as to whether the complainant=s physical examination ruled out the
possibility of sexual abuse.  Because
there is no indication that Dr. Lukefahr=s testimony was unfairly prejudicial,
confusing, misleading, cumulative, or caused undue delay, we conclude the trial
court did not abuse its discretion by admitting the evidence under Rule 403.

3.         Hearsay
Objection








Appellant
also argues that the trial court abused its discretion by admitting Dr.
Lukefahr=s testimony because it constituted
inadmissible hearsay.  After the voir
dire hearing, Dr. Lukefahr testified before the jury.  He explained that the complainant was
examined by a female associate who documented the procedures and prepared
photographs and a final report of the examination.  After Dr. Lukefahr explained that he did not
examine the complainant personally, but reviewed the documentation and
photographs and approved the examiner=s final report, appellant made the
following objection: A[f]or purposes of the record, your honor, since at this point
he=s saying he did not examine the
child, we would object to any of his testimony on the grounds of hearsay.@ 
The trial court overruled the objection, and appellant made no further
objections to Dr. Lukefahr=s testimony.  

Appellant
failed to preserve error for several reasons. 
First, appellant=s objection to Aany of [Dr. Lukefahr=s] testimony@ was both overly broad and
untimely.  See Tex. R. App. P. 33.1 (requiring a
timely and specific objection to preserve error for appellate review).  Appellant did not object to a specific
out-of-court statement, but rather objected to Dr. Lukefahr=s testimony as a whole at trial
before any out-of-court statements were admitted.  Further, appellant appeared to object to Dr.
Lukefahr=s testimony because he relied on the
out-of-court statements of the associate who personally examined the
complainant.  On appeal, however,
appellant argues that Dr. Lukefahr=s testimony was inadmissible based on
the out-of-court statements of the complainant provided in the complainant=s history.  Because appellant=s argument on appeal differs
substantially from that raised at trial, appellant has waived any error.  See Coffey, 796 S.W.2d at 179; Holland,
761 S.W.2d at 322. 








Even
if error was properly preserved, Astatements made for purposes of
medical diagnosis or treatment and describing medical history . . . or the
inception or general character of the cause or external source thereof insofar
as reasonably pertinent to diagnosis or treatment@ are admissible as an exception to
the hearsay rule.  Tex. R. Evid. 803(4); see Gregory v.
State, 56 S.W.3d 164, 183 (Tex. App.CHouston [14th Dist.] 2001, pet. dism=d) (noting that courts have held
statements made by a suspected victim of child abuse as to causation and source
of injuries admissible as an exception to the hearsay rule); Fleming v.
State, 819 S.W.2d 237, 247 (Tex. App.CAustin 1991, pet. ref=d) (holding statements of a suspected
child abuse victim describing the abusive acts and identifying the abuser
reasonably pertinent to medical diagnosis and treatment and therefore
admissible as an exception to the hearsay rule).  Appellant did not object at trial, and does
not identify on appeal, any out-of-court statement contained in the complainant=s history that was made for purposes
other than medical diagnosis or treatment. 
Therefore, the trial court did not abuse its discretion by overruling
appellant=s hearsay objection.  Accordingly, we overrule appellant=s second issue. 

C.        Complainant=s Prior Allegations of Sexual Abuse

In
his third issue, appellant argues that the trial court erred by excluding
evidence of the complainant=s prior allegations of sexual abuse.  Immediately before resting his case, counsel
for appellant made the following request:

Pursuant to the records that the doctor just testified
about and also pursuant to information that we have received previously from
CPS we, of course, know the fact that this girl has been allegedly sexually
molested in the past by at least two brothers, Your Honor.  I understand that there were some allegations
of sexual abuse by them and, in fact, there was some sexual penetration on
that.  I would like to request that the
Court allow me to go into those areas so that we can explain some of what=s going on with respect to this girl at this time. 

 

The
trial court denied the request, and appellant did not make an offer of
proof.  To  preserve error on appeal, the proponent of
excluded evidence must make an offer of proof and obtain a ruling.  Reyna v. State, 168 S.W.3d 173, 176
(Tex. Crim. App. 2005).  In addition, Athe party complaining on appeal about
a trial court=s admission, exclusion, or
suppression of evidence must, at the earliest opportunity, have done everything
necessary to bring to the judge=s attention the evidence rule or statute in question and its
precise and proper application to the evidence in question.@ 
Id. at 177 (citing Martinez v. State, 91 S.W.3d 331, 335
(Tex. Crim. App. 2002)).  It is not
enough to tell the judge that evidence is admissible; the proponent must also
tell the judge why the evidence is admissible. 
Id.  








Here,
appellant argues on appeal that evidence of prior accusations is admissible
under Texas Rule of Evidence 412(b) to rebut scientific evidence offered by the
State, and that the trial court=s exclusion of the complainant=s prior accusations of sexual abuse
violates appellant=s rights under the Confrontation Clause of the United States
Constitution.  See U.S. Const. amend. VI; Tex. R. Evid. 412(b) (providing that
evidence of specific instances of an alleged victim=s past sexual behavior is not
admissible unless, among other exceptions, it is necessary to rebut or explain
scientific or medical evidence offered by the State).  However, at trial, appellant did not mention
Rule 412(b) and did not argue the Confrontation Clause applied and required
admission of the evidence.  See Reyna,
168 S.W.3d at 179 (holding that appellant failed to preserve error concerning
the exclusion of prior allegations of sexual abuse when he Adid not put the trial judge on notice
that he was making a Confrontation Clause argument@). 
Moreover, appellant=s own medical expert and the medical expert for the State
both testified before appellant=s request.  Neither
appellant nor the State questioned either witness concerning the prior
allegations of abuse.  The complainant
and the CPS worker also testified before appellant=s request, and appellant
cross-examined both witnesses without restriction regarding the prior
accusations.   Therefore, because
appellant did not make an offer of proof, it was not clear whether appellant
intended to recall one of the prior witnesses or introduce testimony from a new
witness.  Because appellant failed to put
the trial court on notice as to what evidence he wanted to admit and why the
evidence was admissible, no error was preserved for review.  Accordingly, we overrule appellant=s third issue. 

            The
judgment of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed June 13, 2006.

Panel consists of
Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Article 38.072
of the Texas Code of Criminal Procedure creates an Aoutcry exception@ to the
hearsay rule in prosecutions for sexual offenses against a child twelve years
of age or younger.  Tex. Crim. Proc. Code Ann. art. 38.072
(Vernon 2005). The outcry exception permits testimony from the first adult,
other than the defendant, to whom the child made statements describing the
offense if certain criteria are met.  Id.
  





[2]  The
complainant was ten years old at the time of the interview. 





[3]  The subsequent
allegation was made against an individual with the same last name as the
complainant=s mother. 
However, we cannot discern from the record whether the allegation was
against the complainant=s stepfather, another male relative, or an unrelated
person.