# NOS. 12-13-00116-CR
# 12-13-00117-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRACY LYNN HARRIS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Tracy Lynn Harris appeals his convictions of manufacture or delivery of between four and two hundred grams of cocaine in a drug free zone and tampering with physical evidence, for which he was sentenced to imprisonment for forty years and ten years respectively. In one issue, Appellant argues that the trial court improperly ordered that his two sentences run consecutively. We affirm.

## BACKGROUND

Appellant was charged by separate indictments with manufacture or delivery of between four and two hundred grams of cocaine in a drug free zone and tampering with physical evidence. Appellant pleaded "guilty" as charged to each offense, and the matter proceeded to a trial on punishment.

At the trial on punishment, Appellant pleaded "true" to the enhancement allegation that he committed the offense in a "drug free zone." Ultimately, the trial court found Appellant "guilty" as charged of each offense and sentenced him to imprisonment for forty years for manufacture or delivery of cocaine and imprisonment for ten years for tampering with physical

evidence. The trial court further ordered that Appellant's sentences for these offenses run consecutively. This appeal followed.

**ORDER OF CONSECUTIVE SENTENCES**

In his sole issue, Appellant argues that the trial court improperly ordered that his two sentences run consecutively because it improperly interpreted the language of Texas Health and Safety Code, Section 481.134.

The offense of which Appellant was charged is a first degree felony, the minimum punishment for which is imprisonment for five years. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010); TEX. PENAL CODE ANN. § 12.32(a) (West 2011). Texas Health and Safety Code, Section 481.134(c) states in pertinent part, as follows:

> The minimum term of confinement or imprisonment for an offense otherwise punishable under . . . Section 481.112 . . . (d) . . . is increased by five years and the maximum fine for the offense is doubled if it is shown on the trial of the offense that the offense was committed . . . in, on, or within 1,000 feet of the premises of a school, the premises of a public or private youth center, or a playground[,] or . . . on a school bus.

TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (West Supp. 2013). Accordingly, Appellant's minimum sentence for manufacture or delivery of between four and two hundred grams of cocaine was increased to imprisonment for ten years under Section 481.134(c) as a result of the trial court's finding that the offense was committed in a drug free zone. Moreover, Section 481.134(h) states that "[p]unishment that is increased for a conviction for an offense listed under this section may not run concurrently with punishment for a conviction under any other criminal statute." TEX. HEALTH & SAFETY CODE ANN. § 481.134(h) (West Supp. 2013).

In his brief, Appellant states that his forty year sentence was well above the minimum punishment of imprisonment for five years for a first degree felony or the increased minimum punishment of imprisonment for ten years. As a result, according to Appellant, his punishment was not "increased," and his sentences should not have been ordered to run consecutively pursuant to Section 481.134(h).

**Preservation of Error**

The State initially responds that Appellant's objection at trial does not comport with his argument on appeal. In order for an issue to be preserved on appeal, there must be a timely

2

objection that specifically states a legal basis for the objection. *See* TEX. R. APP. P. 33.1; *Fultz v. State*, 940 S.W.2d 758, 760 (Tex. App.–Texarkana 1997, pet. ref'd) (citing *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990)); *see also Moore v. State*, 371 S.W.3d 221, 226–27 (Tex. Crim. App. 2012) (complaints concerning cumulation of sentences forfeited under Rule 33.1(a) unless they concern sufficiency of evidence). An objection stating one legal basis may not be used to support a different legal theory on appeal. *Rezac*, 782 S.W. at 870; *Fultz*, 940 S.W.2d at 760. Instead, an objection must draw the court's attention to the particular complaint raised on appeal. *Little v. State*, 758 S.W.2d 551, 564 (Tex. Crim. App 1988). Thus, when an appellant's trial objection does not comport with his argument on appeal, he has not preserved error. *See Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996).

At Appellant's trial on punishment, the trial court admonished him concerning the range of punishment under Section 483.112(d) and the potential for an increased minimum sentence under Section 481.134(c). After pronouncing Appellant's sentence, the trial court noted that "the law requires these sentences not run concurrently" and ordered that Appellant's sentences run consecutively. Appellant objected to the trial court's order, and the following exchange occurred:

[APPELLANT'S COUNSEL]: Your Honor, I'm going to make an objection. It's my reading of the law that the sentences themselves don't have to run concurrently as in A and then B. I think that the 5 years has to be served consecutively to any other sentence. And where one sentence is 30 years longer than the other, it's going to run beyond the scope of that 10 years anyway and therefore it's not mandatory that it be run concurrent -- consecutively or stacked as we sometimes say.

THE COURT: Well, I'm just reading from the Health and Safety Code 481.134 subsection H or section H. Punishment for an offense listed under this section may not run concurrently with punishment under any other criminal statute.

[APPELLANT'S COUNSEL]: The question becomes what is this section. And I think this section deals with the school zone --

THE COURT: I agree.

[APPELLANT'S COUNSEL]: -- allegation.

THE COURT: I agree.

[APPELLANT'S COUNSEL]: And so that's our objection, Your Honor.

THE COURT: All right. It's overruled.

Based on our reading of the record and Appellant's brief in this matter, it is apparent that Appellant made a very different argument to the trial court than he now makes on appeal. At trial, Appellant argued that only the five year increased portion of his punishment was required to run consecutively under Section 481.134(h). As set forth above, Appellant now argues that because his forty year sentence was greater than the ten year minimum punishment, his punishment was not "increased. Therefore, because Appellant's objection at trial does not comport with his argument on appeal, we hold that he has forfeited his right to raise the issue on appeal.

**Statutory Construction**

Even had Appellant preserved error, the outcome of this appeal would not differ. We review questions of statutory interpretation under a de novo standard of review. *See **Williams v. State***, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008). Under the canons of statutory construction, we are to construe a statute according to its plain language, unless the language is ambiguous or the interpretation would lead to absurd results that the legislature could not have intended. ***Id.*** Section 481.134(c) plainly states that the minimum term of confinement is increased by five years if certain circumstances are demonstrated. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(c). Moreover, Section 481.134(h) states that punishment that is increased for a conviction listed elsewhere in that section may not run concurrently with punishment for a conviction under any other criminal statute. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(h). Appellant argues that we should construe Section 481.134(h) as dictating that the punishment ultimately pronounced at sentencing must be increased as a result of the enhancement of Section 481.134(c) in order for mandatory cumulation of sentences to be triggered under Section 481.134(h). Stated another way, Appellant contends that Section 481.134(h) requires consecutive sentences only when the trial court imposes the minimum increased punishment. We disagree.

The unambiguous wording of Section 481.134(h) indicates the legislature's intent to require consecutive sentences when the punishment available to the trial court is increased for a conviction for an offense listed under that section. Nowhere in Section 481.134 is there a reference to punishment "pronounced" or punishment "received." But we note that Section 481.134 generally relates to increases to the punishment range the trial court must consider in determining a defendant's sentence. To interpret the statute as Appellant contends—only

4

requiring consecutive sentences when the trial court imposes the minimum increased punishment—we would have to disregard the literal, unambiguous meaning of the statutory text and add language the legislature excluded.  Doing so would cause us to reach a result that the legislature could not have intended.  Therefore, we hold that the trial court did not err in ordering that Appellant's sentences run consecutively pursuant to Section 481.134(h).

Appellant's sole issue is overruled.


## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgments.


**BRIAN HOYLE**
Justice

Opinion delivered February 28, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2014**

**NO. 12-13-00116-CR**

**TRACY LYNN HARRIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1485-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, and Hoyle, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2014**

**NO. 12-13-00117-CR**

**TRACY LYNN HARRIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1486-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, and Hoyle, J.*