NO. 07-01-0389-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 21, 2002

_____


FELIPE SALAZAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3269; HONORABLE FELIX KLEIN, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant Felipe Salazar was convicted by a jury of two counts of indecency with a child and punishment was assessed by the court at ten years confinement and a $1000 fine on each count, sentences to be served consecutively. Presenting three issues, appellant contends (1) he was denied effective assistance of counsel due to numerous errors and omissions, (2) the evidence was insufficient to prove

his actions were committed with the intent to arouse or gratify his sexual desire, and (3) the trial court erred in failing to *sua sponte* submit a limiting instruction on extraneous offenses. Based upon the rationale expressed herein we affirm.

Rebecca Nieto is the mother of O.G. and J.R., the victims in the underlying case. At the time of the alleged abuse O.G. was ten and J.R. was 12. Although the girls sometimes referred to appellant as "Dad," they were not related and appellant and Nieto were never married. They lived together from the time the girls were young and had other children together. On January 1, 1999, while O.G. was staying with Endina Marquez, appellant's sister, she told her she had been fondled by appellant. Marquez and her husband took O.G. to the police department to report the incident. During an interview with Officer David Davis, O.G. informed him that appellant had touched her breasts and vaginal area. Davis contacted Child Protective Services (CPS) and two caseworkers, Susie Perkins and Tonya Potts, were assigned to the case.

Both Perkins and Potts interviewed O.G. at the police department and according to O.G., appellant had touched her and her sister J.R. on their breasts and genital areas on more than one occasion. O.G. claimed that appellant threatened to twist her legs off if she told anyone. After the interview with O.G., Perkins, Potts, and Officer Davis visited the home to interview J.R. Appellant had already been removed from the home and arrested on an outstanding warrant for forgery. Perkins interviewed J.R. privately in a back bedroom and after several denials, J.R. admitted that appellant had touched her "where

2

he's not supposed to" indicating her "private parts." Both girls stated that the touching always occurred over their clothing. O.G. claimed that appellant physically threatened her not to tell anyone of the incident. However, both girls claimed to have reported the incident to their mother shortly before Christmas vacation in 1998. According to O.G.'s testimony, her mother and appellant argued about the situation and thereafter, O.G. went to stay with her aunt and uncle during Christmas break. Aware of the allegations, the aunt and uncle took O.G. to the police department to file a report. Following a jury trial, appellant was convicted of two counts of indecency with a child and his consecutive ten-year sentences and $1,000 fines were assessed by the court. We will address appellant's issues in a logical rather than sequential order.

By his second issue, appellant limits his sufficiency challenge by asserting that the evidence is legally and factually insufficient to prove that his actions were committed with the intent to arouse or gratify his sexual desire. We disagree. When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2002); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the

3

light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. The Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact finder's determination only if a manifest injustice has occurred. *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

4

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. The elements of indecency with a child are engaging in sexual contact with a child under 17 years of age who is not the spouse of the person. Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon Supp. 2002). As relevant here, sexual contact is defined as "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child" committed with the intent to arouse or gratify the sexual desire of any person. § 21.11(c)(1).

Without challenging the evidence that he touched the girls' "private parts," appellant asserts that the evidence is insufficient to establish that he intended to arouse or gratify his sexual desire. Intent to arouse or gratify sexual desire can be inferred from conduct, remarks, or all the surrounding circumstances. Robertson v. State, 871 S.W.2d 701, 705 (Tex.Cr.App. 1993), *cert. denied*, 513 U.S. 853, 115 S.Ct. 155, 130 L.Ed.2d 94 (1994). Further, an oral expression of intent is not required. C.F. v. State, 897 S.W.2d 464, 472 (Tex.App.–El Paso 1995, no pet.).

Appellant's argument centers on conflicting evidence of whether he made a threat to one girl to keep her quiet and the absence of any threat to the other girl. However, in determining the legal sufficiency of the evidence to show intent, and faced with a record that supports conflicting inferences, we must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the

5

prosecution and must defer to that resolution. Matson v. State, 819 S.W.2d 839, 846 (Tex.Cr.App. 1991); Couchman v. State, 3 S.W.3d 155, 163 (Tex.App.–Fort Worth 1999, pet. ref'd). O.G. and J.R. shared a bedroom with other siblings. O.G. testified that appellant touched her breasts and "middle parts down there" while she was in bed. She claimed that the touching occurred at night while her mother was asleep. J.R. also testified that appellant touched her private parts while she was in bed. While testifying she indicated that her "private parts" referred to her breasts and genital area. Both girls reported the touching to their mother and testified that their mother and appellant fought over the incident.

The record contains conflicting evidence regarding the frequency of the incidents. According to the interview between Caseworker Perkins and J.R., appellant touched her one time. However, when J.R. testified she answered in the affirmative when asked if she had been inappropriately touched more than once. O.G. testified that the touching began in October 1998 and probably occurred more than five times before it was reported on January 1, 1999. We must presume the jury resolved any conflicting inferences in favor of the prosecution and thus, we find the evidence is legally sufficient to establish the element of intent to gratify his sexual desire.

Concluding that the evidence is legally sufficient to support the verdict, we must now determine, after a neutral review of all the evidence, whether it is factually sufficient to support the verdict. *Johnson*, 23 S.W.3d at 11. It is the exclusive province of the fact

6

finder to determine the credibility of the witnesses and the weight to be given their testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

Appellant does not refer us to any evidence, and we have found none, indicating that his contact with the girls' "private parts" was necessary or accidental. Thus, the jury was free to infer that appellant touched O.G. and J.R. with the intent to gratify or arouse his sexual desire. Under this record we conclude, after a neutral review of all the evidence and without substituting our own judgment, that the evidence is factually sufficient to support the element of intent to gratify appellant's sexual desire. Appellant's second issue is overruled.

By his third issue, appellant contends the trial court erred by not *sua sponte* providing the jury a limiting instruction regarding extraneous offenses during the guilt/innocence stage. We disagree. Evidence of acts of domestic violence committed by appellant and an arrest for forgery was offered and admitted without objection during the guilt/innocence phase. Citing Huizar v. State, 12 S.W.3d 479 (Tex.Cr.App. 2000), appellant contends that no request for a limiting instruction nor an objection was required to present his contention on appeal. Although *Huizar* holds that no objection or request is required in order for the trial court to instruct the jury, it is not controlling for two reasons. First, evidence of appellant's extraneous conduct was presented during the guilt/innocence phase. *Huizar* discusses the requirement of a reasonable-doubt instruction in the

7

punishment charge in relation to section 3(a) of article 37.07 of the Texas Code of Criminal Procedure entitled "Evidence of prior criminal record in all criminal cases *after a finding of guilty.*" (Emphasis added). Because appellant had not yet been found guilty when the jury charge was given during the guilt/innocence phase, a reasonable-doubt instruction regarding extraneous offenses was not required where no objection was made or request for a limiting instruction made at the time the evidence was offered. *See* White v. State, 999 S.W.2d 895, 901 (Tex.App.–Amarillo 1999, pet. ref'd), citing George v. State, 890 S.W.2d 73, 76 (Tex.Cr.App. 1994); *cf.* Hammock v. State, 46 S.W.2d 889, 893-94 (Tex.Cr.App. 2001) (holding that a request for a limiting instruction is required at the time extraneous evidence is offered during the guilt/innocence phase to avoid consideration of the evidence by a jury in an inappropriate manner). Second, because appellant elected to have punishment assessed by the trial court, no punishment charge was required and the question regarding the necessity of a reasonable-doubt instruction became moot. Issue three is overruled.

By his final contention, appellant asserts he was denied effective assistance of counsel due to numerous errors and omissions. We disagree. Specifically, appellant faults trial counsel for:

- failing to conduct an independent investigation of the case and interview witnesses;
- failing to obtain notice of intent to use, object to, or request a limiting instruction on extraneous offenses;

8

- failing to properly object to the alleged "outcry";

- failing to introduce a letter written by J.R.;

- failing to inform him of the possibility of the sentences running consecutively which prevented him from knowingly declining a plea offer of five years; and

- being ineffective by the cumulative effect of the numerous errors.

To establish ineffective assistance of counsel, appellant must show that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);[1] Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d

---

[1]The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507, 516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).

9

503, 509 (Tex.Cr.App. 1984); *see also* Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993).  A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation.  *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).  To sustain a challenge of ineffective assistance, it must be firmly founded in the record, Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981), and the defendant must overcome the presumption that counsel's conduct might be considered sound trial strategy.  Jackson v. State, 877 S.W.2d 768, 771 (Tex.Cr.App. 1994).  After proving error, a defendant must also affirmatively demonstrate prejudice.  *Garcia*, 887 S.W.2d at 880.  Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.  *Id*.

Trial counsel testified at a hearing on a motion for new trial.  He explained that he was unable to interview O.G, J.R., or their mother because according to appellant "they were on the run" and could not be located.  The record supports counsel's explanation because the mother spent time in south Texas and time in jail while the girls moved from one relative to another.  O.G. and J.R. resided in Kansas for a period of time and upon returning to Texas lived in several different places.  Counsel further explained that he did not interview Officer Davis or the caseworkers because he already had their official reports.

10

Counsel filed several pretrial motions; however, he could not say that it was sound trial strategy not to request a Rule of Evidence 404(b) motion on extraneous offenses. He did testify that after researching the statute under which appellant was indicted, he determined the court's charge was not objectionable. Assuming, *arguendo*, that counsel's failure to object to the charge constituted deficient performance, appellant has not affirmatively demonstrated prejudice.

Regarding counsel's failure to object to the alleged outcry, article 38.072 of the Texas Code of Criminal Procedure Annotated (Vernon Pamph. Supp. 2002), provides that an outcry statement is not inadmissible under the hearsay rule if it is made by the child victim to the first person other than the defendant, and the child testifies or is available to testify. Here, the State gave the required statutory notice of its intent to offer O.G.'s and J.R.'s hearsay statements through the testimony of the caseworkers. However, the record establishes that O.G. and J.R. first told their mother of the alleged abuse. Therefore, the caseworkers were not proper outcry witnesses and trial counsel should have objected to their testimony based on article 38.072. Relying on Hollinger v. State, 911 S.W.2d 35, 39 (Tex.App.–Tyler 1995, pet. ref'd), the State asserts that Caseworker Perkins was in fact a proper outcry witness because she was the first person whom O.G. and J.R. told of the abuse in "a discernable manner." *Hollinger*, however, is not controlling because it involved a three-year old victim who was not competent or available to testify. O.G. was ten and J.R. was 12 at the time of the abuse and both testified at trial. We find that trial counsel's

11

performance was deficient for failing to object to the outcry witnesses, but hold that appellant has not satisfied the second prong of *Strickland* which requires a showing of prejudice from counsel's error.

Appellant asserts that counsel's performance was deficient by failing to introduce an undated letter written by J.R. to a boyfriend which could have shown "the imagination aspect of the victim." Counsel testified that he thought "long and hard" about the letter, but in his opinion, it was inadmissible. When a defendant alleges a claim of ineffectiveness for failure to make an offer of proof, he still carries the burden of making a *Strickland* showing that is firmly founded in the record. Francis v. State, 801 S.W.2d 548, 552 (Tex.App.–Houston [14th Dist.] 1990), *pet. ref'd per curiam*, 805 S.W.2d 474 (Tex.Cr.App. 1991). Other than an allegation in his appellate brief, appellant has not established how failure to introduce the letter prejudiced him.

Appellant contends he was not informed by trial counsel of the possibility of his sentences running consecutively which prevented him from knowingly declining a plea offer. At the hearing on the motion for new trial counsel testified that he and appellant did not discuss the possibility of the sentences being stacked. When questioned whether he knew that stacking could result, counsel candidly conceded that he had not researched the law and was unaware of it. We find that counsel's failure to advise his client of the possibility of confinement for up to 40 years when a plea offer of five years was offered fell below an objective standard of reasonableness.

12

Having determined that counsel's performance was deficient, we must decide whether but for counsel's error, the result of the proceeding would have been different. Appellant was charged with a second degree felony punishable by two to 20 years confinement. *See* Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon Supp. 2002) and §12.33(a) (Vernon 1994). Trial counsel testified that appellant declined to plead guilty. Convicted on two separate counts of indecency with a child, the trial court imposed only ten years for each count, resulting in a total of 20 years confinement, which is the maximum sentence for one count on a second degree felony. Appellant did not testify at the hearing or present any evidence that he would have accepted the five-year plea offer had he known of the possibility of consecutive sentences that might have resulted in a total of 40 years confinement. We find that appellant has failed to satisfy the second prong of *Strickland* which requires a showing of prejudice.

Appellant contends by his final claim of ineffective assistance that the cumulative effect of counsel's errors compel a holding that he was denied effective assistance of counsel. We disagree. Reviewing counsel's performance based on the totality of his representation rather than by isolated acts or omissions, we find that appellant was not denied reasonably effective counsel. Trial counsel, who was not appellant's first appointed counsel, met with him on at least three different occasions prior to trial. He filed several pretrial motions, conducted an investigation, and through cross-examination of witnesses at trial, advanced a defense to show that O.G. and J.R. disliked appellant and had

13

conjured up the accusations of abuse so that their mother would leave him.  Although we find that trial counsel's representation was not errorless, all that is required is a right to reasonably effective counsel.  *Ingham*, 679 S.W.2d at 509.  Appellant's first issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.