# NO. 12-93-00080-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID HOLLINGER,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

Appellant, David Hollinger, appeals a jury conviction for aggravated sexual assault of a child, in which his punishment was assessed at life imprisonment. Appellant contends that the court erred when it allowed a child to testify who was not a competent witness and when it allowed an "outcry" witness to testify under Article 38.072 of the TEXAS CODE OF CRIMINAL PROCEDURE. Appellant also challenges the sufficiency of the evidence to support his conviction. We will affirm.

The victim, ("C.L."), was a three year old boy at the time of the alleged assault. On June 10, 1992, C.L.'s parents were scheduled to meet with a home rental agency. C.L.'s mother, ( "Karla"), asked her sister, who was also Appellant's mother, to look after C.L. Appellant had been diagnosed as a pedophile and had previously been convicted for sexually assaulting children. As a result, Karla asked Appellant's mother to make sure that Appellant was not at home while C.L. was present. Later that afternoon, Karla telephoned her sister. Appellant answered the phone and informed Karla that his mother was not there. Karla testified that Appellant sounded upset and asked her to come get C.L. When Karla arrived at Appellant's house, Karla's sister and brother-in-law were both present.

Approximately three hours later, Karla was changing C.L.'s diaper and noticed that the child's rectum was red and irritated. C.L. told his mother that his rectum was "hurting" him,

and that "[the Appellant]" did it. C.L. then described to her the sexual activities that Appellant had performed on him. C.L. told his mother that Appellant tried to put Appellant's "dick" into C.L.'s "bottom," that Appellant put Appellant's "weenie" into C.L.'s mouth, and that Appellant put C.L.'s "weenie" into Appellant's mouth. C.L. also told his mother that Appellant threatened that he would kill C.L. if he told anyone.

Karla immediately went to the Smith County Sheriff's Department and filed a report. Afterwards, Karla took her son to the emergency room at Mother Francis Hospital for an examination.

Dr. James Ryder, the emergency room doctor, testified that C.L.'s anus was red and enlarged. Dr. Ryder also testified that C.L. told him that Appellant hurt his bottom and put a gun to his head and threatened to shoot him. Based upon the information given Dr. Ryder by C.L. and Karla, Dr. Ryder concluded that C.L. had been sexually assaulted. However, Dr. Ryder also admitted under cross-examination that there could have been other explanations for his findings.

C.L. testified, but his testimony was confusing. He stated that it was a "cop last night that hurted" his bottom. C.L. also told the jury that Appellant had shot him in his face and on his bottom with a BB gun. On cross-examination, C.L. said that Appellant had shot him with a water pistol.

Karla testified as an outcry witness pursuant to Article 38.072 of the TEXAS CODE OF CRIMINAL PROCEDURE. *See* TEX. CODE CRIM. PROC. ANN. Art. 38.072 (Vernon Supp. 1994). She told the jury the statements that C.L. had made to her shortly after they returned from Appellant's home.

Appellant's mother testified that she was at the house with Appellant and C.L. at the time the sexual assault allegedly occurred. She stated that Appellant was never alone with C.L., and that C.L. never complained that Appellant had hurt him in any way. She stated that Appellant's air pistol was in the pawn shop when the incident happened to C.L. and that there were no water pistols at her house.

Dr. Charles Fries, a clinical psychologist, also testified. Dr. Fries had fourteen years experience in child sexual abuse cases and explained to the jury the dynamics of pedophilia. He stated that "butt" and "dick" were generally foreign to a three-year-old's vocabulary. Therefore, it was Dr. Fries' opinion that C.L.'s statements to his mother about what Appellant had done

2

to him was the truth. Dr. Fries also stated that it was not unusual for a child to have problems recalling specific facts about an incident that occurred over ten (10) months before as C.L. did in this case.

Appellant was the last witness who testified. Appellant denied that he sexually assaulted C.L.

First, we will address Appellant's third and fourth points of error in which he challenges the sufficiency of the evidence. In reviewing a challenge to the sufficiency of the evidence on appeal, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, (1979); *Upton v. State*, 853 S.W.2d 548, 551 (Tex. Cr. App. 1993). This standard gives full responsibility to the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts. *Jackson v. Virginia*, 443 U.S. at 319. Circumstantial and direct evidence is reviewed under the same standard. *Geesa v. State*, 820 S.W.2d 154, 162 (Tex. Cr. App. 1991). Sexual assault of a child is committed when a person intentionally or knowingly "causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor." TEX. PENAL CODE. ANN. art. 22.021 (Vernon 1989); *Lee v. State*, 779 S.W.2d 913, 915 (Tex. App. - Houston [1st Dist.] 1989, pet. ref'd).

Outcry testimony that is admitted in accordance with Article 38.072 is admitted as an exception to the hearsay rule and is considered substantive evidence, admissible for the truth of the matter asserted. TEX. CODE CRIM. PROC. ANN. art. 38.072 (Vernon Supp. 1994); *Rodriguez v. State*, 819 S.W.2d 871, 872 (Tex. Cr. App. 1991). Karla's testimony about C.L.'s comments to her shortly after C.L. had been with Appellant was outcry testimony, which was sufficient to establish the necessary statutory elements of the offense. *Villalon v. State*, 791 S.W.2d 130 (Tex. Cr. App. 1990). The medical evidence corroborated C.L.'s initial statements. C.L. was confused and equivocated during his testimony at the time of trial, but that is not necessarily controlling. *Knabe v. State*, 836 S.W.2d 837, 839 (Tex. App. - Fort Worth 1992, pet. ref'd). In *Knabe*, the court held that the evidence was sufficient to support a conviction for sexual assault of a child even though the five-year-old victim testified that someone else assaulted him. Much like the present case, the statements made by the victim to

his mother shortly after the alleged assault and the medical evidence in support of the victim's initial statements were adequate. Even though the evidence was conflicting, we hold that the evidence was sufficient for a rational trier of fact to have found, beyond a reasonable doubt, that Appellant was guilty of aggravated sexual assault of a child. Appellant's third and fourth points are overruled.

In his first and fifth points, Appellant contends that the trial court abused its discretion when it permitted C.L. to testify. Appellant argues that C.L. was not competent to testify because of his age and lack of understanding of the oath. He also argues that the court erred when it allowed C.L. to testify without taking an oath to tell the truth.

The determination of a trial court that a child witness is competent to testify is reviewable by an abuse of discretion standard. *Reyna v. State*, 797 S.W.2d 189 (Tex. App. - Corpus Christi 1990, no pet.). On appeal, we must review the entire testimony of the child witness to determine if the trial court abused its discretion. *Dunfrene v. State*, 853 S.W.2d 86, 88 (Tex. App. - Houston [14th Dist.] 1993, pet. ref'd).

In this case, the trial court held a competency hearing to determine whether to permit C.L. to testify. C.L. was four years of age at the time of trial, and he was three years of age when the alleged event occurred. C.L. correctly answered the court's questions concerning his family, his name, and his birthday. C.L. acknowledged that he knew the difference between telling a lie and telling the truth, and stated that it was good to tell the truth. Although he did not give details of the alleged assault, C.L. identified Appellant as the one who "hurted" him. C.L. also stated that he remembered telling his mother a long time ago that Appellant had hurt him.

Appellant admits that C.L. was able to accurately relate some facts; however, Appellant points out that C.L. was confused when he was asked to identify colors. C.L. also said that he did not get into trouble if he told a lie and told the court that Appellant shot him with a water pistol. Although the judge observed that "[C.L.] was really not very old to have an independent recollection of what happened last June," the judge allowed C.L. to testify without taking an oath and instructed the jury to consider his testimony.

Rule 601 of the TEXAS RULES OF CRIMINAL EVIDENCE provides, in pertinent part:

(a) every person is competent to be a witness except as otherwise provided in these rules. The following witnesses shall be incompetent to testify in any proceeding subject to these rules:

. . .

(2) *Children.* Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated.

TEX. R. CRIM. EVID. 601 (Vernon Supp. 1990). This Rule creates a presumption that a person is competent to testify. *Rodriguez v. State,* 772 S.W.2d 167, 170 (Tex. App. - Houston [14th Dist.] 1989, pet. ref'd). The testimony of a witness will only be excluded when questioning convinces the court that the witness does not possess sufficient intellect to accurately relate transactions about which the witness is being interrogated. *Id.* The three elements to be considered by the court in making a determination of competency to testify are: (1) the competence of the witness to observe intelligently the events in question at the time of the occurrence; (2) the capacity of the witness to recollect the events, and; (3) the capacity of the witness to narrate the facts. *Id.* The third element requires the witness to be able to understand the questions that are asked, to be able to frame intelligent answers to those questions, and to be able to understand the moral responsibility to tell the truth. *Watson v. State,* 596 S.W.2d 867, 870 (Tex. Cr. App. 1980). C.L.'s responses to the questions that were being posed to him were sufficient to support the court's findings that he had the necessary intellect and capacity to testify. Furthermore, C.L.'s testimony did not necessarily negatively implicate Appellant. We hold that the court did not err when it allowed C.L. to testify.

Next, we address Appellant's concern about the court's failure to require C.L. to be sworn under the oath. A child does not have to take the oath. *Gonzales v. State,* 748 S.W.2d 510 (Tex. App. - Houston [1st Dist.] 1988, pet. ref'd). In *Gonzales,* the court held that questions asked of a 9 year old victim and his 11 year old sister were sufficient to impress upon them the duty to be truthful. Therefore, the minors were not required to take the oath. In this case, the questions of competency that the court and the prosecutor posed to C.L. were designed to impress upon the child the duty to be truthful. After reviewing the entire record, we conclude that Appellant has failed to show that the trial court's decision to permit C.L. to testify was an abuse of discretion. *See Reyna,* 797 S.W.2d at 190; *Kirchner v. State,* 739 S.W.2d 85 (Tex.

5

App. - San Antonio 1987, no writ hist.); *Fields v. State*, 500 S.W.2d 500, 503 (Tex. Cr. App. 1973). Points one and five are overruled.

By his second point of error, Appellant contends that the trial court erred in permitting the victim's mother to testify about the "outcry" statement of the victim, under Article 38.072 of the TEXAS CODE OF CRIMINAL PROCEDURE. Appellant argues that Karla's statement would be "hearsay," and therefore inadmissible, because the child was incompetent and not "available" to testify. Thus, Appellant reasons that the State failed to meet the preliminary admissibility requirements of Article 38.072. Appellant has cited no authority for his position on this point; therefore, under TEXAS RULE OF APPELLATE PROCEDURE 74(f), we consider the issue waived. However, in the interest of justice, we will address the issue and determine whether the trial court abused its discretion.

Article 38.072 applies only to certain categories of offenses under Chapter 21 of the TEXAS PENAL CODE when an offense is committed against a child who is twelve years of age or younger. TEX. CODE CRIM. PROC. ANN. Art. 38.072 (Vernon Supp. 1994). The Article further provides:

> Sec. 2.
> (a)     This article applies only to statements that describe the alleged offense that:
>
>> (1)     were made by the child against whom the offense was allegedly committed; and
>>
>> (2)     were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.
>
> (b)     A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:
>
>> . . .
>>
>> (2)     the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and
>>
>> (3)     the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

TEX. CODE CRIM. PROC. ANN. Art. 38.072 (Vernon Supp. 1994). The purpose of Article 38.072 is to allow the State to introduce testimony which would otherwise be inadmissible

6

hearsay. *Long v. State*, 800 S.W.2d 545, 547 (Tex. Cr. App. 1990). The outcry statement must be more than general allegations of sexual abuse, and the person making the outcry must clearly be shown by the evidence to be describing the events to that witness. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Cr. App. 1990). A child's outcry statement is substantive evidence of guilt. *Villalon*, 791 S.W.2d at 132.

At the hearing, the trial court determined the child's statement was reliable based upon time, context, and circumstances. It took into consideration the child's age, the condition of the child's anus just a few hours after leaving Appellant's house, and the child's spontaneous use of words that described the acts that had occurred to him, and most importantly, the credibility of the child's mother. After the trial court found that the victim was competent to testify and that the child was "available" to testify, C.L. did testify and was cross-examined. C.L.'s testimony was vague and contradicted his previous statements concerning Appellant's inappropriateness with him. Even though his testimony was not harmonious with the earlier outcry statement that C.L. had made to Karla right after the incident, we believe that C.L. testified to the best of his ability, and conclude that C.L. was still "available" to testify. Therefore, all of the requirements of the outcry statute were met. We hold that the trial court did not abuse its discretion. Appellant's second point of error is overruled.

The judgment of the trial court is **affirmed**.

CHARLES HOLCOMB
Justice

Opinion delivered June 30, 1995.

(PUBLISHED)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## JUDGMENT

June 30, 1995

### NO. 12-93-00080-CR

**DAVID HOLLINGER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 4-92-358)

---

THIS CAUSE came to be heard on the record and the appellate briefs, and the same being inspected, it is this Court's opinion that there was no reversible error in the trial court's judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below is **in all things affirmed**; and that this decision be certified to the court below for observance.

Charles Holcomb, Justice.