Opinion filed August 3, 2006


















 
 
  
 
 







 
 
  
 
 




Opinion filed August 3, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00282-CR 

                                                    __________

 

                                 ROBERTO J. CASTILLO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 161st District Court

 

                                                           Ector County, Texas

 

                                                 Trial
Court Cause No. B-31,194

 



 

                                                                   O
P I N I O N                  

 

The jury convicted Roberto J. Castillo of two
counts of aggravated sexual assault of a child and assessed punishment at 70
years confinement for each count.  We
affirm.








In his first issue on appeal, appellant argues
that the indictment was fatally defective. 
The indictment alleged in Count One that appellant caused Athe penetration of the anus of >L.C.,=
a child younger than 14 years of age who was not the spouse of said defendant,
by inserting his, said defendant=s
male sexual organ into the anus of >L.C.=@  Count Two alleged that appellant caused Athe penetration of the mouth of >L.C.,=
a child younger than 14 years of age who was not the spouse of said defendant,
by inserting his, said defendant=s
male sexual organ into the mouth of >L.C.=@  Appellant specifically argues that the
indictment was defective because Ait
fail[ed] to allege that the conduct was without medical care@ as provided in Tex. Pen. Code Ann. '
22.011(d) (Vernon  Supp. 2005).

Section 22.011(d) states that it is a defense to
prosecution if the conduct consisted of Amedical
care for the child and did not include any contact between the anus or sexual
organ of the child and the mouth, anus, or sexual organ of the actor.@ 
The defense set out Section 22.011(d) does not apply to Count One
because it alleges contact between the anus of L.C. and the sexual organ of
appellant.

Any defect in the form or substance of an
indictment is waived if the defendant does not object before trial and may not
be raised on appeal.  Tex. Code Crim. Proc. Ann. art. 1.14
(Vernon 2005).  Appellant did not object
to the indictment prior to trial and has waived this argument on appeal.  Article 1.14(b); see Studer v. State,
799 S.W.2d 263 (Tex. Crim. App. 1990).  Appellant=s first issue on appeal is overruled.

In his second issue on appeal, appellant complains
that L.C. was incompetent to testify.  In
his fourth issue on appeal, appellant argues that the evidence was legally and
factually insufficient to support his conviction without the testimony of L.C.[1]  

L.C. testified at trial that he began living with
his uncle, appellant, when he was 4 years old. 
L.C. stated that he watched Anasty@ movies with appellant and that
appellant put his penis in L.C.=s
mouth and Abutt.@ 
L.C. testified that he currently resides with his father and
stepmother.              Elena Limon, L.C.=s
stepmother, testified that she and L.C.=s
father gained custody of L.C. in June 2001 when L.C. was eight years old.  L.C. was very rebellious, and he did not know
how to take care of himself.  L.C. did
not know how to eat with utensils or how to Aclean@ himself after using the bathroom, and L.C.
was unable to control his bowel movements. 
Limon stated that L.C. acted out sexually.








Dr. Robert William Garcia testified that he
examined L.C. at the request of Child Protective Services.  Dr. Garcia stated that L.C. had Along standing problems@ with Afecal
and urinary incontinence.@  Dr. Garcia testified that he conducted a
rectal exam and found that L.C. had a Asignificant
loss of sphincter tone.@  Dr. Garcia noted that, when the sphincter
muscle becomes enlarged, it is difficult to retain stool.    Dr. Garcia said that loss of sphincter tone
can be caused by a traumatic event that stretches the sphincter beyond its
normal limits and causes a tear.  L.C.
told Dr. Garcia that appellant Ahad
been putting it in him for years.@  Dr. Garcia testified that L.C. displayed
characteristics of a child who had been sexually abused. 

Dr. Roddy Strobel, a child psychiatrist, testified
that L.C. was referred to her because of problem behavior including sexually
inappropriate behavior, fecal incontinence, and nightmares. L.C. told Dr.
Strobel that he was sexually abused by appellant.  Dr. Strobel stated that L.C. suffered from
post-traumatic stress disorder and depression. 
Dr. Strobel further testified that the problems L.C. was experiencing
were the result of sexual abuse.  

L.C. was interviewed by Eve Flores at Harmony Home
Children=s Advocacy Center on January 23, 2002.  L.C. did not disclose to Flores
that he had been sexually abused by appellant, but L.C. stated that he watched Anasty movies@
with appellant.   L.C. also told Flores that he was afraid of appellant.   L.C. later began counseling with Anna
Carrillo at Harmony Home.  L.C. disclosed
to Carrillo that he had been sexually abused by appellant.  L.C. also told Carrillo that appellant
sexually abused his cousin, Lisa. 
Carrillo testified that L.C.=s
problems with lying, acting out sexually, and fecal incontinence were all
characteristics of someone who has been sexually abused.   After he received therapy with Carrillo,
L.C. was interviewed by JoAnne Serrabia with the Children=s Advocacy Center.  L.C. disclosed to Serrabia in a videotaped
interview that he had been sexually abused by appellant.  That videotape was played before the jury.

L.C.=s
cousin, Lisa Castillo, testified that appellant never sexually abused her and
that she never saw appellant sexually abuse L.C.  Appellant=s
wife Elouisa Castillo also testified that she never saw any evidence to
indicate appellant was sexually abusing L.C. 
L.C. never told Elouisa that 
appellant mistreated him.  Elouisa
said that L.C. was rarely alone with appellant and that appellant did not watch
Anasty movies.@  








A child is competent to testify unless, after
being examined by the court, he does not appear to possess sufficient intellect
to relate transactions with respect to which he is interrogated.  Tex.
R. Evid. 601(a)(2). 
Inconsistencies and conflicts in the child=s
testimony do not automatically rule him incompetent;  rather, they are simply factors affecting the
weight of the child=s
credibility.  Woods v. State, 14
S.W.3d 445, 451 (Tex.
App.CFort
Worth 2000, no pet.).  Whether a child
witness is competent to testify is reviewed under an abuse of discretion
standard.  Woods, 14 S.W.3d at
450.   An abuse of discretion occurs when
a trial court acts arbitrarily and unreasonably without reference to guiding
rules or principles of law.  Woods,
14 S.W.3d at 451;  Breeding v. State,
809 S.W.2d 661, 663 (Tex. App.CAmarillo
1991, pet. ref=d).  To determine whether the trial court abused
its discretion, we must review the entire testimony of the child. Woods,
14 S.W.3d at 451. 

The trial court asked L.C. several questions to
determine if L.C. knew the difference between the truth and a lie.  L.C. was able to articulate events in his
life and his age at the time those events occurred.  L.C. was able to perceive the events of the
alleged crime and relate that evidence to the jury.  After viewing L.C.=s
entire testimony, we do not find that the trial court abused its discretion in
allowing L.C. to testify.  

Appellant further contends that the trial court
was Aobligated
under the facts of this case to make a finding to the elements identified in
the Hollinger case as to the competency of L.C.@  The court stated in Hollinger that the
three elements to be considered by the court in making a determination of
competency to testify are:  

(1)
the competence of the witness to observe intelligently the events in question
at the time of the occurrence;  

 

(2) the capacity of the witness to recollect the
events, and;  

 

(3) the capacity of the witness to narrate the
facts.  

 

Hollinger v. State, 911 S.W.2d 35, 38-39 (Tex. App.CTyler 1995, pet. ref=d). 


Hollinger identifies factors for the court
to consider in determining a witness=s
competency.  The trial court is not
required to make a finding on the record concerning these factors.  Appellant=s
second issue on appeal is overruled.  








In order to determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  In order to determine if the
evidence is factually sufficient, we must review all of the evidence in a
neutral light and determine whether the evidence supporting guilt is so weak
that the verdict is clearly wrong and manifestly unjust or whether the evidence
contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden
of proof could not have been met.  Zuniga
v. State, 144 S.W.3d 477 (Tex.
Crim. App. 2004); Ross v. State, 133 S.W.3d 618 (Tex.
Crim. App. 2004); Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002); Cain
v. State, 958 S.W.2d 404 (Tex. Crim. App. 1997); Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996). 
We review the fact-finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact-finder.  Cain, 958 S.W.2d at
407; Clewis, 922 S.W.2d at 135. 
Due deference must be given to the jury=s
determination, particularly concerning the weight and credibility of the evidence.  Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App.
2000);  Jones v. State, 944 S.W.2d
642 (Tex. Crim. App. 1996).  This court
has the authority to disagree with the fact-finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.@  Johnson, 23 S.W.3d at 9.

The record shows that L.C. reported being sexually
abused by appellant to a doctor, a child psychiatrist, and two counselors.  Dr. Garcia testified that L.C. exhibited
characteristics of sexual abuse including an enlarged sphincter muscle.  L.C.=s
testimony, which we determined to be properly admitted, showed that appellant
committed the offense of aggravated sexual assault.  We find the evidence to be both legally and
factually sufficient to support appellant=s
conviction.  Appellant=s fourth issue on appeal is overruled.








In his third issue on appeal, appellant contends
that the trial court erred in not requiring the State to make an election as to
which allegation of sexual assault it intended to rely upon for
conviction.   When multiple offenses are
properly joined in a single indictment, each offense should normally be alleged
in a separate count.  Tex. Code Crim. Proc. Ann. art.
21.24(a) (Vernon
1989).  In such cases, the State is not
required to elect between counts, and each count may be submitted to the
jury.  Owens v. State, 96 S.W.3d
668, 672 (Tex.
AppCAustin 2003, no pet.).  Appellant argues that the evidence showed
more than the two acts of sexual assault alleged in the indictment.

When the evidence shows two or more acts of sexual
assault, each of which is an offense for which the defendant may be convicted,
the State is required to elect which act it will rely upon to secure a
conviction if the defendant makes a motion for election.  Crawford v. State, 696 S.W.2d 903, 906
(Tex. Crim. App. 1985); Hendrix v. State, 150 S.W.3d 839, 852 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  
The record reflects no request by appellant in the trial court that the
State elect the separate acts upon which it was relying for a conviction.  Therefore, appellant has waived this argument
on appeal.  Tex. R. App. P. 33.1; Hendrix, 150 S.W.3d at 852.  Appellant=s
fourth issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

August 3, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]At oral argument, appellant argued that there was no
proof of venue.  Appellant did not raise
that issue in the trial court, nor did he brief it on appea; therefore, he
waived the complaint.  Tex. R. App. P. 33.1(a); see also Tex. R. App. P. 44.2(c)(1); Fairfield v.
State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981).