**Opinion issued January 7, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00711-CR

———————————

**LUIS H. RODAS-RIVERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 08DCR050228**

## MEMORANDUM OPINION

Appellant Luis H. Rodas-Rivera appeals his conviction for Aggravated Sexual Assault of a Child. We affirm.

## BACKGROUND

Appellant was convicted following a jury trial during which there was testimony from both the complainant (who was 14 years' old at the time of trial) and the complainant's mother (the outcry witness). We will discuss the substance of the testimony only to the extent necessary to address each of appellant's points of error.

## ISSUES ON APPEAL

Appellant raises three points of error on appeal:

1. "Whether the trial court abused its discretion by determining the child-victim was competent to testify."

2. "Whether the trial court erred by admitting the videotaped statement and outcry testimony into evidence, rendering the evidence insufficient to support a conviction."

3. "Whether appellant was not afforded the right to cross examine the child because the child was incompetent to testify."

## COMPETENCY OF THE CHILD WITNESS

During a preliminary hearing to determine whether the complainant's mother qualified as an outcry witness, the following exchange took place at the conclusion of her testimony:

> THE COURT:    Any – any argument by the State on the issue?
>
> [STATE]:   No, Judge, just that she's the first person over the age of 18 that the child told.
>
> THE COURT:    Any argument by [defense counsel]?

2

[DEFENSE COUNSEL]: Just – we'd note our objection for the record.

THE COURT: Based upon?

[DEFENSE COUNSEL]: Based upon the test being a reliability test, based upon the time, content, circumstances of the statements. And we'd argue that given the inconsistent statements that the alleged victim makes in his outcry, the whole context makes his initial statement unreliable.

THE COURT: All right. The Court finds that pursuant to Article 38.072, dealing with hearsay statements of a child under the age of 14, that [complainant's mother] does qualify as the – as an outcry witness . . . .

On appeal, appellant contends that this objection to permitting the complainant's mother as an outcry witness encompassed his complaint here that the trial court should have conducted an initial competency hearing to determine the complainant's competency to testify. According to appellant, this "objection is sufficient to put the trial court as well as the state on notice that the complaint was directed not only at the child's testimony but at his status as a witness in the case." Thus, he contends, his objection to the complainant's competence was preserved for appeal.

In arguing that the record demonstrates the complainant's incompetence, appellant points to a line of questioning by the court, outside the presence of the jury, during which the complainant could not recall the name of each school he had attended. Appellant also argues that the complainant "was not able to recall his age when the offense occurred, the time of year the offense occurred, or any of the

3

testimony he gave on the recorded interview with the Child Advocate's Center." The complainant admitted at one point that he did not understand "the difference between the meaning of the words before and after," and he "smiled in response to the question regarding whether his mother had ever accused the defendant of being crazy." These facts, appellant contends, "tend to support the contention that he cannot narrate the events properly because he does not understand his moral responsibility to tell the truth as required for a determination that the child witness is competent to testify." Appellant asks us to find that the problems with the complainant's testimony go beyond "confusing and inconsistent" and conclude that the trial court abused its discretion in finding the complainant to be a competent witness.

In response, the State first argues that appellant's objection to the complainant's testimony as incompetent was waived by appellant's failure to object or request a hearing on the complainant's competence. It contends that the objection at the outcry-witness hearing cannot fairly be considered to have put anyone on notice that appellant challenged the competency of the complainant as a witness. It notes that appellant's counsel never used the word "competency," and that words he did use, i.e., "reliability," "time, content and circumstances of the outcry" do not go to the competency of a complainant to testify, but instead are relevant to the determination of whether an outcry witness can testify about what

4

he or she was told by the complainant—the purpose of the outcry hearing. *See* TEX. CODE. CRIM. PROC. ANN. art. 38.072 §2(b)(2) (West Supp. 2013) (one requirement of exception to hearsay rule for outcry statement is that "the trial court finds, in a hearing conducted outside the presence of the jury, that the statement *is reliable based on the time, content, and circumstances* of the statement." (emphasis added)).

In any event, the State argues, the complainant's competency to testify was demonstrated at trial. He was able to "clearly recollect and communicate intelligent answers regarding numerous issues," including "which schools he had attended (in reverse chronological order); the layout of the homes he had lived in; his hobbies," and he "gave a detailed description of the incidents of sexual abuse perpetrated on him by appellant." Thus, to the extent the trial court implicitly found the complainant competent to testify despite no objection from appellant, the State argues that the trial court was well within its discretion.

## A. Applicable Law

The Texas Rules of Evidence provide that children are competent to testify unless "after being examined by the court, [they] appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated." TEX. R. EVID. 601(a)(2). A trial court's determination of whether a child witness is competent to testify and its ruling on the issue will not be disturbed on appeal

absent an abuse of discretion. *Broussard v. State*, 910 S.W.2d 952, 960 (Tex. Crim. App. 1995), *cert. denied*, 519 U.S. 826 (1996); *De Los Santos v. State*, 219 S.W.3d 71, 80 (Tex. App.—San Antonio 2006, no pet.).

The trial court has no duty to sua sponte conduct a preliminary competency examination of a child. *McGinn v. State*, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998). Once the competency of a child witness is challenged, however, the trial court must assure itself that the child has (1) the ability to intelligently observe the events in question at the time of the occurrence, (2) the capacity to recollect the events, and (3) the capacity to narrate the events. *Hollinger v. State*, 911 S.W.2d 35, 38–39 (Tex. App.—Tyler 1995, pet. ref'd). The third element, involving the capacity to narrate, requires that the witness is able to understand the questions asked, frame intelligent answers to those questions, and understand the moral responsibility to tell the truth. *Watson v. State*, 596 S.W.2d 867, 870 (Tex. Crim. App. 1980); *Hollinger*, 911 S.W.2d at 39.

Confusing and inconsistent responses from a child are not reasons to determine he or she is incompetent to testify; rather, they speak to the credibility of the testimony. *In re A.W.*, 147 S.W.3d 632, 635 (Tex. App.—San Antonio 2004, no pet.). The trial court's role is to make the initial determination of competency, not to assess the credibility or weight to be given the testimony. *Id*. We review the child's responses to qualification questions as well as the child's entire testimony

6

to determine whether the trial court's ruling on competency constituted an abuse of discretion. *De Los Santos*, 219 S.W.3d at 80–81; *Fox v. State*, 175 S.W.3d 475, 481 (Tex. App.—Texarkana 2005, pet. ref'd).

**B. Analysis**

The Court of Criminal Appeals has held that failure to request that a trial court inquire into a child's competence to testify waives that issue for appeal. *McGinn*, 961 S.W.2d at 166. Appellant's objection to the complainant's mother's testimony at the outcry hearing about "reliability," "time, content and circumstances" does not raise the issue of the complainant's competence. *Cf. id.* ("[A]n objection to remoteness does not preserve a complaint concerning a trial court's failure to conduct a hearing [about competence] because those are different complaints.").

Even assuming that it did, we agree with the State that the complainant's testimony, taken in proper context, demonstrates that he was competent to testify. He testified to knowing the difference between the truth and a lie. He initially had trouble testifying as to each school he had attended in his lifetime, but was able to list them in reverse chronological order. He articulated his likes and his hobbies, and was able to describe various family relationships and detail the layout of homes he had lived in.

More importantly, he testified in detail about the first time appellant sexually assaulted him, including details about where his parents and sister were, where he was in the house, what appellant was wearing, what time of day it was, what appellant said to him, and the assault. He further testified in detail about a subsequent assault, and about the day that he told his mother what had happened with appellant. His testimony demonstrated he had (1) the ability to intelligently observe the events in question at the time of the occurrence, (2) the capacity to recollect the events, and (3) the capacity to narrate the events. *Rodriguez v. State*, 772 S.W.2d 167, 170 (Tex. App.—Houston [14th Dist.] 1989, pet. denied). Appellant's arguments about inconsistencies in the complainant's testimony go to credibility, which the jury was free to assess. *In re A.W.*, 147 S.W.3d at 635.

We overrule appellant's first point of error.

## SUFFICIENCY AND THE RIGHT TO CONFRONTATION

Appellant's remaining two points—sufficiency of the evidence and right to confront witnesses—are dependent upon our sustaining, rather than overruling, appellant's first point of error about the complainant's competence to testify.

### A. Sufficiency

In appellant's second point, he argues,

The videotaped statement made during the child's interview at the Child Advocates Center and the outcry testimony offered by the child's testimony are both inadmissible under the Texas Code of Criminal Procedure if the child is not available to testify at trial.

8

Here, the court should have found that the child was not available to testify due to his incompetency as a witness. Thus, the trial court erred in admitting such evidence during trial.

From this premise, appellant argues that "absent the videotaped statement and outcry testimony, there is insufficient evidence to support a conviction," mandating a reversal. We have rejected the argument that the complainant was an incompetent witness, so the argument that his incompetence rendered the videotape and outcry evidence inadmissible, leaving only insufficient evidence to support his conviction, likewise fails.

We overrule appellant's second point of error.

## B. Confrontation

In his third point, appellant argues that he "was not afforded the right to cross examine the child because the child was incompetent to testify." This argument is grounded upon the Sixth Amendment right of the accused to confront witnesses against him. U.S. CONST., amend. VI. According to appellant, despite his extensive cross-examination of the complainant at trial, the complainant's alleged incompetence rendered the complainant "unavailable" for effective cross-examination. Because we have concluded the complainant was competent to testify, appellant cannot demonstrate that he was denied the right of confrontation.

We overrule appellant's third point of error.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).