

## Fourth Court of Appeals
### San Antonio, Texas

### OPINION

No. 04-25-00684-CV

**IN THE INTEREST OF R.L.C.** and J.M.C., Jr., Children

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. BADC-CVPC-24-0000229
Honorable M. Patrick Maguire, Judge Presiding

Opinion by:  Velia J. Meza, Justice

Sitting:  Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: April 1, 2026

AFFIRMED

Father appeals the termination of his parental rights to two children, R.L.C. and J.M.C., Jr.[1] Father argues that the trial court erred by admitting two outcry statements over his hearsay objections. The Texas Department of Family & Protective Services, as proponent of the testimony, argued the statements should be admitted under section 104.006 of the Texas Family Code. We hold the statements were properly admitted under that section and affirm.

---

[1] To protect the identity of the children and persons through whom they could be identified, we will refer to appellant as "Father" and to the children by their initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8. Mother relinquished her rights and does not appeal.

**BACKGROUND**

Police arrested Father on outstanding criminal charges while he and his two children—6-year old, R.L.C., and 2-year old, J.M.C., Jr.—were homeless. The night of his arrest, Father agreed to release the children to a trusted caregiver. The caregiver observed numerous bug bites on both children's legs and the children exhibited behaviors that indicated they may have been sexually abused. While showering, R.L.C. made an outcry of sexual abuse to the caregiver, who then reported it to law enforcement and the Department. And during a forensic interview, R.L.C. made another outcry of sexual abuse—this time with more detail.

The case was tried to the bench before an associate judge. *See* TEX. FAM. CODE § 201.005(b) (authorizing associate judge to preside over trial on the merits in suit under Title 5). After the associate judge signed a proposed order recommending termination, *see id*. § 201.007(a)(10), Father requested a de novo hearing before the district judge, *see id*. § 201.015. At the de novo hearing—which was again tried to the bench—the transcript from the hearing before the associate judge was admitted into evidence without objection and no testimony was heard. The district judge then signed an order adopting the associate judge's recommendation, terminating Father's parental rights, from which he now appeals.

**DISCUSSION**

**1    Hearsay Exception Under Texas Family Code § 104.006**

We review a trial court's evidentiary rulings for abuse of discretion. *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 727 (Tex. 2016). In a suit under Title 5 of the Texas Family Code, there is an exception to the hearsay rule for "outcry" statements of a child under 12 years of age that describe abuse against the child if, in a hearing outside the presence of the jury, the court finds that the statement is reliable and either (1) the child is available to testify, or (2) the court

determines admission of the statement in lieu of live testimony is necessary to protect the welfare of the child. TEX. FAM. CODE § 104.006. These prerequisites are mandatory but may be implied where, as here, there are no findings of fact or conclusions of law. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).

This "outcry witness" hearsay exception has analogues in juvenile justice and criminal proceedings. *See* TEX. FAM. CODE § 54.031 (applying to juvenile justice proceedings) *and* TEX. CODE CRIM. PROC. art. 38.072 § 2 (applying to criminal proceedings). Unlike in the juvenile or criminal context, this exception does not require that the witness testifying to the outcry statement be "the first person, 18 years of age or older, to whom the child" made a statement about the offense, abuse, or act. *Compare* TEX. FAM. CODE § 104.006 *with* TEX. FAM. CODE § 54.031(b)(2) *and* TEX. CODE CRIM. PROC. art. 38.072 § 2(a)(3).

Father argues that he promptly objected and the trial court heard only argument of counsel before overruling his objection; thus the court did not base its ruling on any evidence. The trial court overruled at least five hearsay objections based upon section 104.006 during the examination of two witnesses. Father does not specify which objection he thinks the trial court erroneously overruled. On the first objection, counsel for the Department stated, "I think you will hear that the circumstances – the time, content, and circumstances lend credibility in terms of both how this story is told and the physical evidence that corroborated it externally." The child's attorney ad litem added, "The child was six, the statement was made spontaneously to a trusted adult, and the context supports the reliability." On the fourth objection, the trial court explicitly found that the testimony "clearly" fell under the statutory exception.

We construe Father's appellate challenge as arguing two things: (1) the trial court prematurely ruled on admissibility, and (2) even considering the whole record, the requirements of section 104.006 were not met. We address each argument in turn.

## 1.1 Timing of the Ruling

Because the judge serves as sole fact finder in a bench trial, no separate admissibility hearing is required before evidence may be considered. The text of the statute prescribes that a hearing must be held "outside the presence of the jury," but there is no provision for cases without juries. *See In re K.L.*, 91 S.W.3d 1, 17 (Tex. App.—Fort Worth 2002, no pet.) (concluding that trial court, sitting as factfinder, need not determine admissibility before hearing evidence under section 104.006); *see also* TEX. R. CIV. P. 262 ("The rules governing the trial of causes before a jury shall govern in trials by the court in so far as applicable."). The trial court must consider the content of the statements to determine their reliability. *In re E.M.*, 494 S.W.3d 209, 219 (Tex. App.—Waco 2015, pet. denied). And thus, it must hear the statements to determine admissibility.

Here, the trial court immediately overruled Father's many hearsay objections. The court did not defer its decision on admission until it heard the outcry statements. Perhaps a more cautious approach would have been to, for example, conditionally admit the outcry statements before competent evidence supporting admission under section 104.006 had been heard. The court could then rule on admissibility once enough evidence or context had been adduced. However, even if we assume this is error, we cannot say it was harmful. The full statements along with context were eventually heard and Father's continued objections prompted further admissibility rulings by the court. Any error in prematurely ruling in this manner is harmless on this record. *See* TEX. R. APP. P. 44.1; *see also K.L.*, 91 S.W.3d at 17.

We next address the substantive requirements of section 104.006.

**1.2 Reliability**

The first requirement for admissibility is reliability. TEX. FAM. CODE § 104.006. Reliability is determined by examining the *time* the child's statement was made to the outcry witness, the *content* of the child's statement, and the *circumstances* surrounding the making of the statement. *E.M.*, 494 S.W.3d at 219. The focus should be on the reliability of the testimony, how accurately the witness can recall the outcry statement and whether the testimony is sufficiently trustworthy, not the credibility of the child. *Id.*

Two witnesses testified to R.L.C.'s outcry statements: (1) a forensic interviewer at a child advocacy center—Victoria Hefley, and (2) a bible teacher, former foster mom, and adoptive placement for the children—"Judy."[2] R.L.C. was around the age of six at the time of both statements. Because the statements must each meet the reliability requirement of section 104.006, we analyze them independently.

Victoria Hefley testified that, during the forensic interview, the child said her father "cleaned her pee-pee" and, when acting out how the "cleaning" occurred, digitally penetrated her vagina and moved her fingers in a circular motion. Sometimes her father touched her over her underwear. The child also described her father penetrating her anus with his finger. Hefley stated that R.L.C.'s actions while she recounted the sexual abuse were so extreme that the interview recording itself could be considered child sexual abuse material—something that has occurred only

---

[2] In his brief, Father minimizes Ms. Hefley's testimony by incorrectly asserting she was "in the employ of the Department." Hefley testified that she is the "director of forensic services" for "Hill Country Crisis Council Kids Advocacy." Children's advocacy centers work *with* the Department but are not in their *employ*. They are established by community members who work with the Department, local law enforcement, and the local county attorney or district attorney to (1) minimize the revictimization of alleged abuse and neglect victims and nonoffending family members through the investigation, assessment, intervention, and prosecution processes, and (2) maintain a cooperative team approach to facilitate successful outcomes in criminal justice and child protection systems through shared fact-finding and strong, collaborative case development. TEX. FAM. CODE § 264.402–.403. As relevant here, children's advocacy centers provide "forensic interviews" that are conducted in "a neutral, fact-finding manner and coordinated to avoid duplicative interviewing." *Id*. § 264.405(b)(7).

once in her career before.[3] "[S]he very regularly was touching her vagina in the room and she was doing things that were not redirectable." R.L.C. told Hefley that her father showed her pornographic videos and took "pictures and videos" of her and her little brother naked.

Hefley testified she assessed R.L.C.'s ability to discern truth from fiction. And Hefley screened for alternative hypotheses like innocent cleaning. R.L.C. told Hefley no one other than her parents and brother touched her "pee-pee" and no one other than her father and brother touched her butt. Initially, R.L.C. stated that her parents did not touch "in her pee-pee" but, later in the interview, said Father touched "in her pee-pee." Hefley testified that this inconsistency was expected for R.L.C.'s age and that it "could" be a traumatic response to the sexual abuse. The child told Hefley that she wasn't coached except that her caregiver, Judy, "told her to tell the truth that day."

The time, content, and circumstances of R.L.C.'s statement to Hefley shows sufficient indicia of reliability. The statement was made to a professional forensic interviewer trained to ask questions in a neutral, fact-finding manner. Given the time, content, and circumstances of the child's statement to Hefley, the trial court could reasonably conclude the statements were reliable.

We reach the same conclusion for R.L.C.'s statement to Judy. It was made to someone she had just met—a former foster mom who provided her with love and comfort immediately and unconditionally. The statement was initially made in the context of taking a shower and the child described inappropriate "cleaning." Portions of her story were directly corroborated by physical evidence—a picture of her underwear showed spotting and mucus-filled discharge—and her behavior—the child was quick to take off her clothes around strangers and in other inappropriate situations. This is enough for the trial court to reasonably conclude the statement was reliable.

---

[3] Hefley testified that she has conducted over a thousand forensic interviews of children.

The next required finding requires either that the child is available to testify, or that admission of the outcry statement in lieu of live testimony is necessary to protect the welfare of the child. TEX. FAM. CODE § 104.006.

## 1.3 Availability to Testify

Father argues there was no evidence the child was available to testify. *See id*. § 104.006(1). In response to one of Father's several hearsay objections, counsel for the Department argued that R.L.C. was available to testify because Father did not issue a subpoena to compel the child to testify, the child is within subpoena range, and neither side offered the child as a witness. On appeal, the Department argues that because there was no evidence R.L.C. was *unavailable* to testify, we must presume she was available. We agree with Father.

The proponent of hearsay has the burden of showing the testimony fits within an exception. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 908 n.5 (Tex. 2004). Argument of counsel is not evidence. *Tex. Dep't of Pub. Safety v. Mendoza*, 952 S.W.2d 560, 564 (Tex. App.—San Antonio 1997, no writ). The Department concedes there was no evidence the child was available to testify. Therefore, in the absence of some intervening principle we must conclude this prong was not met. The Department argues we should apply a presumption of availability where the record is silent and cites to *In re K.L.*, 91 S.W.3d 1 (Tex. App.—Fort Worth 2002, no pet.) as support. We reject this argument for three reasons.

First, our sister court was considering a fundamentally different issue in *K.L.*—whether trial counsel provided ineffective assistance by failing to object to hearsay under section 104.006. 91 S.W.3d at 16. Importantly, the trial court offered to allow the child to testify, no party indicated the child was unable to testify, and no party took up the court's offer. *Id*. The court concluded that counsel could not have been deficient because, among other things, the trial court could have determined the child was available to testify. *Id*. at 16–17. Unlike in *K.L.* where the issue was

whether there was sufficient due process, here Father challenged the availability element of the hearsay exception, triggering an abuse of discretion review that requires some evidence supporting the court's exercise of discretion. *See Berry-Helfand*, 491 S.W.3d at 727. There is no evidence in the record concerning availability.

Second, the Department's argument is contrary to the plain text of the statute which requires a finding that the witness has testified or is available to testify. *See* TEX. FAM. CODE § 104.006(1). We presume that the Legislature purposefully chooses which words to include in a statute and which to omit. *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325–26 (Tex. 2017). Were we to adopt the Department's argument, we would impermissibly rewrite the statute to create a presumption that a child is available to testify until proven otherwise. *Cf.* TEX. R. EVID. 601(a) (creating a presumption that witnesses are competent). And the Department has pointed to nothing in the statute's history, context, or structure which suggests we should imply such a presumption.

Third, in the context of the criminal analogue of section 104.006, the "availability" requirement is often satisfied by the child testifying. *See, e.g., Hollinger v. State*, 911 S.W.2d 35, 40 (Tex. App.—Tyler 1995, pet. ref'd). However, we have held that the requirement is also met when the child is present at the courthouse and made available to the defendant. *Soto v. State*, 736 S.W.2d 823, 827 (Tex. App.—San Antonio 1987, pet. ref'd); *but see Rodriguez v. State*, 802 S.W.2d 716, 721 (Tex. App.—San Antonio 1990) (holding that child was not available to testify within the meaning of art. 38.072 where the child was at courthouse but could only communicate through one-way closed-circuit television), *aff'd as reformed*, 819 S.W.2d 871 (Tex. Crim. App. 1991). None of these circumstances showing availability to testify are present in the record.

For these reasons, we decline to read a presumption of availability into section 104.006. As the Department concedes, there was no evidence the child was available to testify in any manner. We therefore conclude the Department, as proponent of the hearsay, did not show the child was available to testify within the meaning of section 104.006.

**1.4    Necessity Finding**

When a child is unavailable to testify, the outcry testimony may nonetheless be admissible if the court determines use of the statement in lieu of the child's testimony is necessary to protect the welfare of the child. TEX. FAM. CODE § 104.006(2).

The trial court heard testimony that both children experienced particularly severe trauma as a result of sexual abuse and that R.L.C. acted out sexually explicit behaviors when questioned about the abuse. The trial court could have reasonably concluded that forcing R.L.C. to testify would re-traumatize her and would be contrary to her well-being. We cannot say the trial court abused its discretion by admitting the testimony and impliedly finding use of the outcry statement in lieu of live testimony was necessary to protect R.L.C.'s welfare.

*        *        *

We conclude the trial court did not err by admitting the two outcry statements and overrule Father's sole issue on appeal. The trial court's judgment is affirmed.

Velia J. Meza, Justice